PETTIGREW v. BISHOP.

1. Where one engages to serve another as an overseer for twelve months, and leaves his employer during the year, without his consent, or any sufficient reason, he can not recover compensation for the services actually rendered.

Error to the County Court of Pickens.

ASSUMPSIT in the Court below by the defendant in error,

against the plaintiff in error, to recover for work and labor done as an overseer.

On the trial it was proved, that the plaintiff below, contracted with the defendant as an overseer for twelve months, for the sum of two hundred and seventy-five dollars and twenty bushels of corn; that he commenced about the 1st January, 1839, and continued near eleven months, and that he quit his employer's service without his consent. The defendant moved the Court to charge the jury, that if they believed from the evidence that the plaintiff contracted to serve the defendant as an overseer, for twelve months, it was an entire contract; and if before that period elapsed, he left the employ of defendant without his consent, or other good cause, the law was with the defendant. This charge the Court refused to give, and instructed the jury, that if they believed the plaintiff had labored faithfully for the defendant for nearly eleven months, he was entitled to a verdict for the value of his services during that time, to which the defendant excepted. The jury found a verdict for the plaintiff; upon which the Court rendered judgment, from which this writ of error is prosecuted.

. The assignment of error is the refusal to charge, and the charge given by the Court.

PECK and CLARKE, for plaintiff in error.

B. F. PORTER, contra.

ORMOND, J.—The contract of the defendant in error, in this case, was to serve the plaintiff in error as an overseer, for a fixed compensation, and to recover, it is necessary he should shew either that he has performed the contract on his part, or that he has been prevented from doing so by the act of the opposite party. The attempt here is to recover compensation for a part of the time, without shewing any reason for his failure to perform the entire contract; to permit this to be done, would be to permit one of the parties to a contract, to make a material alteration in its terms, without the consent of the other. In Wright v. Turner, 1 Stewart, 29, this point was thus ruled in a case precisely like this. The cases of Green v. Linton, 7th Porter, 133; and of Pharr v. Beck, at the last term, depend on the same principle. See, also, the case of Cutter v. Powell,

28

6 Term Rep. 320, where the point was thus ruled on great consideration.

At the last term, in the case of Brumby v. Smith, we held that a workman who had contracted to do a job of work, to be paid on its completion, could not recover a *pro rata* compensation, the work having been destroyed by fire without his fault, before it was finished.

For the error in the charge of the Court, the judgment must be reversed, and the cause remanded.