## GIVHAN v. DAILEY'S ADMR'X.

1. If one man contract with another to serve him as an overseer for a year, and dies before the expiration of that time, his estate shall not be liable to respond in damages for a failure to serve for the stipulated period.

2. Where one man agrees to serve another as an overseer for a year, and in consideration that he will do so, the employer undertakes to pay a sum *in numero*, the performance of the entire service is a condition precedent to the right to recover wages ; and if the overseer die during the year, his personal representative cannot recover a *pro rata* compensation for the period he served.

WRIT of Error to the Circuit Court of Lowndes.

The defendant in error, as the administratrix of William H. Dailey, deceased, declared against the plaintiff in *assumpsit*—

1. Upon a promissory note for the payment of four hundred and six 94-100 dollars.

2. For services rendered by the intestate as an overseer.

3. For work and labor done, &c.

The cause was tried by a jury, and at the trial, the defendant below excepted to the ruling of the presiding Judge.

From the bill of exceptions it appears, that evidence was adduced to show that the intestate served the defendant during the year 1838, as an overseer on his farm, under a contract to pay six hundred dollars for his services; also "that intestate was going on to serve defendant for the year 1839, upon the same terms that he did in 1838, without more special proof as to the nature of the contract, and served about two months and died, the 12th March, 1839."

Upon this proof, the defendant requested the Court to charge the jury, that if they believed the contract was entire, and that the services were to be performed before the defendant was to pay the wages or salary to the intestate, and that intestate died previous to performance, his administratrix was not entitled to recover; and that a part performance would not authorize a recovery *pro rata*. This charge the Court refused to give, and instructed the jury that the plaintiff could recover upon the proof of the value of the services rendered; to which refusal to

charge and the charge given, the defendant excepted. A verdict was returned in conformity to the charge and judgment thereon rendered.

COOK, for the plaintiff in error. The contract for service by the intestate was during the year 1839; no part of the sum agreed to be paid him was due until the end of the year, and no recovery could be had for a partial performance. Intestate's death did not confer upon his representative a right of action to which he was not entitled. [Chitty on Con. 4 Am. ed. 567, *et post;* 3 Starkie's Ev. 1765, note 1; 12 John. Rep. 165; Salk. Rep. 65; 7 Porter's Rep. 133.]

BOLLING, for the defendant, cited Green v. Linton et al, 7 Porter's Rep. 133; McMillan v. Wallace, 3. Stew. Rep. 185; Blair et al v. Asbury, 4 Porter's Rep. 435; and insisted that the act of God excused the intestate from a performance of his contract and entitled his administratrix to recover a *pro rata* compensation for his services.

COLLIER, C. J.—It is an admitted principle of the common law, that where a party engages absolutely to do an act, the performance is not excused by inevitable accident, or other contingency not provided for by the contract of the parties. The rule is otherwise where the law casts a *duty* on the party; there the performance shall be excused, if rendered impossible by the interposition of Providence. [Chitty on Con. 4 Am. ed. 567, and cases there cited; Shubrick v. Salmond, 3 Burr. Rep. 1637; Parker v. Hodgson, 3 M. & S. Rep. 267; 4 Dane's Ab. 469; 3 id. 601.]

In Perry v. Hewlett, [5 Porter's Rep. 308,] the law was admitted to be as we have stated it, yet it was held, that a covenant to return a slave hired, on a certain day was discharged by proof that the slave had died before the day without the fault of the hirer. The Court distinguished between those cases, where although the act of God caused a destruction of the thing, yet its reparation was possible. Thus, if a lessee covenant to repair a house, its destruction by lightning will not excuse a failure to rebuild; but a covenant to redeliver the premises to the landlord in as good a condition as the lessee re-

43

ceived them, will be relieved against by showing that the prostration of the trees, the only injury complained of, was occasioned by a tempest. [4 Dane's Ab. 375-6-7-8-9, 382-3; see also Morrow v. Campbell, 7 Porter's Rep. 41.] And the principle has been repeatedly acknowledged, that if a party is disabled by an act of God, before breach of his contract, he shall be excused from the performance. Thus, if one man lend his horse to another, who promises to return him by a day certain, or on request, if the horse die before the day, or request, without the borrower's fault, the redelivery will be excused. [4 Dane's Ab. 377; Williams v. Lloyd, Sir Wm. Jones' Rep. 179; Hulings v. Craig, Addis. Rep. 342; 3 Com. Dig. 109; Newl. on Con. 112, 116.]

The contract of the intestate required his personal services and could not be performed by a substitute, and from its nature must have been made upon the implied condition that health and life permitted its performance; such at least is the conclusion inferrable from the authorities cited. But although the intestate's death operated a discharge of the contract for service, it by no means follows that his administratrix is entitled to recover a *pro rata* compensation for the time he served. If the undertaking of the intestate was to perform the duties of an overseer on the defendant's plantation for the year 1839, and in consideration thereof receive at the end of the year six hundred dollars, then the liability of the defendant to pay was conditional, dependent upon the performance of the intestate's contract. To entitle the plaintiff to recover it is incumbent on her to show, that every thing had been done on which the right to demand payment depended. Cutter v. Powell, [6 T. Rep. 320,] is a leading case to this point. That was an action of assumpsit for work and labor done by the plaintiff's intestate, to which the defendant pleaded the general issue. The facts were these; the intestate hired a second mate upon a ship for a voyage from Jamaica to Liverpool, his employer subscribed and delivered to him a note for the payment of thirty guineas, ten days after the arrival of the vessel at the port of destination, "provided he proceeds, continues and does his duty as second mate in the said ship from hence to Liverpool." The intestate entered upon the service as agreed, and died at sea, while the ship was performing the voyage, having

up to that event discharged his duty faithfully. The Court held that the contract was entire, the defendant's promise depending on a condition precedent to be performed by the intestate, and which he should have performed to have entitled himself to receive any thing. Further, that the plaintiff could not recover on a *quantum meruit*, for whenever there is an express contract, the parties must be guided by it, and one party cannot relinquish, or abide by it, as it may suit his convenience; and hence the non-performance of the intestate's part of the contract, though without his fault, prevented his administratrix from recovering a *pro rata* compensation. To the same effect are the cases of Appleby v. Dods, 8 East's Rep. 300; Smith v. Wilson, id. 437.

It has been often decided, and may be regarded as a settled principle of law, that where one has undertaken to serve another for a definite time, at certain wages, or where an entire contract has been entered into for the performance of a number of acts, the service or labor is a condition precedent to the right to demand payment; and it is not competent for a party, after having performed his contract in part, causelessly to decline proceeding further in it, and recover upon a *quantum meruit*. Pettigrew v. Bishop, 3 Ala. Rep. 440; Turner v. Robinson, 6 C. & P. Rep. 15; 5 B. & A. Rep. 789; Hulle v. Heightman, 2 East Rep. 145; Ellis v. Hamlin, 3 Taunt. Rep. 52; Jesse v. Roy, 1 C. M. & R. Rep. 342; Sinclair v. Bowles, 9 B. & C. Rep. 92; Roberts v. Havelock, 3 B. & Ad. Rep. 404; Philbrook v. Belknap, 6 Verm. Rep. 383; Hair v. Bell, id. 35; Stark v. Parker, 2 Pick. Rep. 267; Willington v. West Boylston, 4 id. 103; Chandler v. Thurston, 10 id. 209; McClure v. Pyatt, 4 McC. Rep. 26; Byrd v. Boyd, id. 246; Shaw v. Turnpike Co. 2 Pennsyl. Rep. 454; Rounds v. Baxter, 4 Greenl. Rep. 454; McMillan v. Vanderlip, 12 Johns. Rep. 165; Norris v. Moore, 3 Ala. Rep. N. S. 676; Brumby v. Smith, id. 123.]

There are also a class of cases which proceed upon the ground that there can be no recovery upon a *quantum meruit*, or general *indebitatus assumpsit* for any thing done under a special agreement, which remains open. [Hulle v. Heightman, 2 East Rep. 145; Watkins v. Hodges, &c. 6 H. & Johns. Rep. 38. So there are cases in which it is decided if the terms

of the special agreement have been performed on one side, and nothing is to be done on the other but pay money, such payment may be enforced by an action of *indebitatus assumpsit.* [Alcorne v. Westbrook, 1 Wil. Rep. 117; Cook v. Munstone, 1 B. & P. Rep. 354; Perkins v. Hart, 11 Wheat. Rep. 237; Feeter v. Heath, 12 Wend. Rep. 477; Way v. Wakefield, 7 Verm. Rep. 228; Bank of Columbia v. Patterson, 7 Cranch's Rep. 299; Stout v. Gallagher, 2 Marsh. Rep. 160; Miles v. Moody, 3 S. & R. Rep. 211.] There are also cases in which work has been done or goods supplied under a special agreement, but not in conformity thereto, and yet the payment of a proper equivalent is enforced by action, because the defendant has retained and enjoyed the benefit of that which was actually done. [Farresworth v. Gerrard, 1 Camp. Rep. 38; Read v. Rann, 10 B. & C. Rep. 440; Linningdale v. Livingston, 10 John. Rep. 36; Raymond v. Bearnard, 12 id. 274; Goodrick v. Lafflin, 1 Pick. Rep. 57; Fitch v. Sargeant, 1 Ham. Rep. 352; Wadleigh v. Sutton, 6 N. Hamp. Rep. 15; Haywood v. Leonard, 7 Pick. Rep. 181; Smith v. Proprietors of Meeting House in Lowell, 8 id. 178; Merrill v. J.and O. Rail Road Co. 16 Wend. Rep. 586.] And under some circumstances one party has been permitted, even while the special contract remains open, to put an end to it, and sue for what has already been done under it, upon a *quantum meruit.* [Withers v. Reynolds, 2 B. & Ad. Rep. 882; Planche v. Colburn, 8 Bing. Rep. 14; Gary v. Hull, 11 John. Rep. 441; Danforth v. Dewey, 3 N. Hamp. Rep. 79; Shaw v. Lewistown T. Co. 3 Pennsyl. Rep. 445.]

We have seen that the death of one of the parties will not rescind an entire contract, the performance of which was necessary to entitle him to demand the payment of money, so as to authorize his personal representative to recover upon a *quantum meruit.* The rescission of the contract, where neither party is in fault, or it is not provided for by its terms, as a general rule, requires the assent of both parties. [Chitty on Con. 4 Am. ed. 572-3-4.]

None of the principles we have stated in regard to special contracts, or conditions precedent, show that they are abrogated or dispensed with by death, as to the party who was to do the prior act. True if there has been a part performance, by

doing labor or furnishing goods, the party who is in default for not completing his undertaking, may recover of the other in *indebitatus assumpsit*, if he has received and retained a benefit; for the acceptance and enjoyment of that which is valuable, forms a new consideration, for which the law implies a promise to pay  But this principle does not apply to cases like the present where a party agrees to render service for a definite time, for a sum *in numero*, to be paid at the expiration of that time.  Here the rendition of the service according to the contract is indispensable to the right to compensation, and the benefit derived is neither visible or tangible, as it is, where one does work on a house, &c. or supplies part of a lot of goods.  In McMillan v. Vanderlip, [12 John. Rep. 165,] the plaintiff agreed to work for the defendant ten and a half months and spin yarn at three cents *per run;* and afterwards left the service of the defendant, and brought an action against him for spinning eight hundred and forty-five runs of yarn at three cents *per run;* it was held that the plaintiff's contract was entire, and must be performed as a condition precedent before he could maintain an action against the defendant for the price of his labor.

It is supposed by the defendant's counsel, that this Court, in Greene v. Linton et al. [7 Poter's Rep. 133,] determined that it was competent for a party who was prevented by sickness from performing a year's labor, according to his contract, to recover a compensation *pro rata* for such time as he had rendered service.  In that case the Court say, " If, by the contract of the parties, the plaintiff has stipulated *absolutely,* that he will serve the defendant for twelve months, and the service for the whole time is a *condition* to be performed before he can be entitled to any compensation, there is an end of the case; because, by his own statement, he admits that during a portion of the time, he did not render the services contemplated by the agreement." The Court was of opinion that the nature of the contract, the object of it, and the intention of the parties, indicated that a complete performance was not a prerequisite to the plaintiff's right to recover a proper equivalent for his services; that as the plaintiff did work in the blacksmith shop, the profits derived from which were susceptible of exact estimation, the acceptance and appropriation of those profits form-

ed a consideration from which the law would imply a promise to pay. Much additional reasoning is employed, but what we have said will sufficiently show that the case does not sustain the position for which it was cited.

In the case at bar, the Court erred in refusing to charge the jury that if the intestate's contract was entire, and according to the stipulation of the parties was to be performed *in toto* before the defendant became liable to pay his wages, the plaintiff could not recover without proof of a complete performance. The intestate's services, up to the time of his death, were not susceptible of appreciation, and, besides, were accepted with the *express* understanding that they would be continued throughout the year.

However just it might be to permit recoveries in all cases where the party to be paid has been prevented from performing his contract by death, we cannot modify the agreement of parties so as to effect such a result. We must execute them as they have been made, according to those principles which have been sanctioned both by time and authority.

We have only to add that the judgment of the Circuit Court is reversed and the cause remanded.