## HUNTER v. WALDRON.

1. Where an overseer employed at a stipulated sum *per annum*, is sick a part of the year, so as to unfit him for active duty, but he is permitted to remain in the service of his employer up to the end of the year, he is entitled to a *pro rata*

compensation. If the defendant has been injured by the imperfect performance of the overseer's undertaking, the damages may be recouped, so as to compensate the injury.

2. Where the terms of a special unsealed agreement have been performed by the plaintiff, so that only a duty remains to pay the money, *indebitatus assumpsit* will lie. But where the contract is still open, or is to be performed in future, the count must be framed on the contract.

Writ of error to the Circuit Court of Dallas.

THE defendant in error declared against the plaintiff in *indebitatus assumpsit*. The cause was tried upon the pleas of non-assumpsit, payment, set off, failure of consideration, &c.; a verdict was returned for the plaintiff for the sum of five hundred and fifty-five 78-100 dollars; and judgment was rendered accordingly. On the trial, the defendant excepted to the ruling of the Court. From the bill of exceptions it appears, that the plaintiff was to attend to the business of the defendant, as an overseer upon his plantation, for the year 1842, for which the latter was to pay him five hundred dollars. *Further*, that the plaintiff was taken sick the last of August, or first of September, and continued dangerously ill for four weeks; towards the close of the year, he was sick two weeks more, but was feeble, and unable to attend to business, except to ride over the plantation, from the time he was first taken sick to the end of the year.

The defendant's counsel prayed the Court to charge the jury: 1. If they believed that there was a special contract, by which the plaintiff was to attend to the business of the defendant as overseer for the entire year, then he could not recover in this action, unless he had complied with the contract, although he might have been prevented by sickness. This charge was given, with this qualification, viz : if the plaintiff had performed services before he was taken sick, which were of value to the defendant, and accepted by him, then he might recover what those services were worth. 2. If they believed there was a contract between the plaintiff and defendant which was different from that declared on, then the plaintiff could not recover in this action upon the common counts only. This charge was also given, qualified as follows : if the term for which the plaintiff was employed had terminated, and he had rendered valuable services to the defendant, which the latter had accept-

ed, then the plaintiff could recover upon the common counts so much as his services were worth.

. G. W. GAYLE and T. J. JUDGE, for the plaintiff in error, insisted that the Circuit Judge should have given both the charges prayed by the defendant below, without any qualification, and cited Clements' adm'r v. Eslava, 4 Porter's Rep. 502 ; Greene v. Linton, et al. 7 Porter's Rep. 133; Gazzam v. Kirby, 8 Id. 253; Givhan v. Dailey's admr'x, 4 Ala. Rep. 336.

C. G. EDWARDS, for the defendant in error, contended that it might well be questioned whether the plaintiff below was not entitled to recover full wages for the entire year, without abatement for the time he was sick.   But, be this as it may, there is no principle which will deny him the right to compensation for so much as his services were worth, proportioning their value by the sum agreed to be paid for the year.

COLLIER, C. J.—In Greene v. Linton, et al. 7 Porter's . Rep. 133, the plaintiff stipulated that he would render service for the defendants for twelve months, alledged its performance for eight, and his sickness for four months ; thus excusing a compliance *in toto*.   But this Court said that the contract contained no implied condition that the plaintiff should continue in health each day of the entire year, and his right to compensation did not depend on any such contingency ; and it would be unjust to the defendants to compel them to pay for the whole time, when the plaintiff had been incapacitated by disease during a great part of it.   Gazzam v. Kirby, 8 Porter's Rep. 253, merely affirms the familiar principle, that if there is a special parol agreement for the performance of any duty, no action will lie until the duty has been actually performed.   So Givhan v. Dailey's admr'x, 4 Ala. Rep. 336, is but the reiteration of the same principle, and declares, that when one agrees to serve another as an overseer for a year, and in consideration that he will do so, the employer agrees to pay a sum *in numero*, the performance of the entire service is a condition precedent to the right to recover wages; and if the overseer. die during the year, his personal representative cannot recover a *pro rata* compensation for the period he served.

Neither, or all, the cases cited are decisive of the one now

before us; they all rest upon authority too long acquiesced in, and too often acknowledged to be now departed from. Here the plaintiff agreed to serve the defendant for a definite period, for which the latter undertook to pay a sum certain. Now to entitle the plaintiff to recover, he must show that he had substantially performed his part of the agreement. But he need not prove that his health was such, during the entire year as to enable him to devote all his time actively to his employer. Few men would be willing to agree to labor for any prescribed period, if disease of a days continuance should operate a forfeiture of the earnings of weeks or months. The mere mention of such a consequence, is quite enough to prove that it has no sanction in the law.

If an overseer is too sick to attend to his business, for so long a time that his employer's interest may suffer, or a substitute is necessary, the employer might furnish that substitute, and deduct from the overseer's wages a sufficient sum to compensate him. Or if his sickness is protracted, and promises to disable him for active service for a considerable length of time, perhaps the employer might put an end to their contract; but even then we apprehend that he would not be relieved from the payment of what would be a fair remuneration for the overseer's services, having in view the stipulated wages for the year.

In the present case it does not appear that defendant employed a substitute during the plaintiff's illness, or dismissed him from service, but the fair inference is, that the latter was recognized by the defendant as his overseer, up to the end of the year, and that his services in that character were accepted. This being the case, the defendant cannot claim an exemption from the payment of any compensation, upon the ground that the plaintiff was prevented by sickness from attending to his business for a part of the year. The fair mode of adjusting compensation in such case, is, to allow a deduction to the defendant for any loss he may have sustained in consequence of the plaintiff's illness, and pay him the remainder of the sum agreed for the year. This mode of adjustment results from the reasoning employed in Greene v. Linton, et al., and we think, rests upon indisputable principles.

The case of Givhan v. Dailey's admr'x is unlike that now

before us. There the death of the overseer prevented him from performing his contract. He stipulated for a year's service, and the terms of the agreement, made his performance a condition precedent to his right to wages; and under an unrelenting rule of law, too firmly established to be changed, save only by legislation, we were constrained to allow a defence which was seemingly ungracious.

In respect to the form of the declaration, we think it adapted to the evidence in the cause. The general rule may be thus stated, where the terms of a special unsealed agreement have been performed by the plaintiff, so that only a duty to pay the money remains, *indebitatus assumpsit* will lie. But where the contract is still open, or is to be performed in future, the count must be framed on the contract. See the cases collected in 1 Metc. & P. Dig. 275, §§ 184, 185; Sykes v. Summerel, 2 Browne's Rep. 225; Willington v. West Boyleston, 4 Pick. Rep. 101. We have seen that the plaintiff has so performed his contract as to entitle him to recover, and there can be no doubt that *indebitatus assumpsit* is the proper form of declaring. If the defendant has been injured by the imperfect performance, the damages may be recouped so as to compensate him therefor. The charges, with the qualifications objected to, so laid down the law in effect, and were quite as favorable as the defendant could have required.

The judgment of the Circuit Court is consequently affirmed.