# Dryer *v.* Lewis.

*Action of Detinue.*

1. *Plea puis darrein continuance; what not matter for.*—Matter of defense arising after suit brought, but before issue joined, is not proper matter of a plea *puis darrein continuance.*

2. *Action of detinue by mortgagee; how defeated by mortgagor.*—A mortgagor of personal property, or his personal representative, when sued by the mortgagee for the recovery in specie of the thing mortgaged, may defeat recovery by showing payment of the mortgage debt.

3. *Evidence; objections to, should be specific and defined.*—Undefined objections should never be made to the admission of evidence; and if the party making them will not particularize, the court is not bound to cast about for the grounds on which, in the minds of counsel, they are rested, but may disregard them.

4. *Contract for service; common-law principle, how far modified by statute.*—The common-law principle that when an entire contract has been entered into for the performance of a number of acts, or when one undertakes to serve another for an indefinite time, at certain wages, the service or labor

[Dryer v. Lewis.]

is a condition precedent to the right to demand payment, has been modified by statute (Code, § 255,) as regards contracts for personal service, when full performance has been prevented by death of the servant during the term of service. In such a case, the personal representative is entitled to recover a rateable compensation for services actually rendered.

5. *Administrator ; suit by, on promise made intestate.*—A mortgagee who contracts with a mortgagor's debtor, on a consideration moving from such debtor to pay what the debtor owed the mortgagor for services, may be sued on the promise, by the mortgagor's administrator.

6. *Same; what may prove when sued by mortgagee to recover, in specie, property mortgaged by intestate.*—A mortgagor's administrator, when sued by the mortgagee to recover in specie the property mortgaged by intestate, may prove the amount of the debt for which the mortgagee thus became bound, to show payment of the mortgage debt, the mortgagee being entitled to reduce the amount claimed for the services by proof of any damage which the employer himself might set up, from the negligence or inability to carry out his contract.

7. *Same; measure of damages.*—The measure of damages in such case is the difference between the value of the services actually rendered, and the value of the services as contemplated by the contract; or—if the employer has been compelled to pay for services or labor the overseer should have rendered—the reasonable value for such services. Damage to crops on account of the sickness of the overseer is not a proper criterion of the measure of reduction, for this could have been avoided by the employment of another.

8. *Evidence ; court not bound to separate legal from illegal.*—Where legal evidence is united with illegal evidence, the court is not bound to separate the good from the bad, but may, without error, reject the whole.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

This was an action in detinue brought by T. B. Dryer, appellant, against Charles Lewis, appellee, for the recovery of a horse, which had been mortgaged by one W. F. Lewis, the intestate of appellee, to appellant. The defense set up was the payment of said mortgage. Plaintiff introduced the mortgage in evidence, which mortgage covered other property besides the horse—namely, two mules and five bales of cotton. It was admitted by the defendant that Dryer was the sole owner of the mortgage. The plaintiff offered evidence to prove that the mortgage had not been paid in full. The defendant, who claimed the horse as the administrator of the mortgagor, under the plea that the mortgage had been paid, offered evidence tending to show such payment. He also offered to prove that William F. Lewis, the said mortgagor, deposited with plaintiff a note for five bales of cotton, as collateral security for the payment of balance due on the mortgage ; that said note was executed by one Charles M. Boyd, payable to said Lewis in the fall of 1876, the consideration being that said Lewis agreed to superintend and oversee the plantation of said Boyd for the year 1876, and also to furnish several mules for the cultivation of

the crop. Boyd agreed to pay Lewis for said services, &c., ten bales of cotton, the said note being for one-half of said cotton; that said Lewis entered upon the performance of his agreement; that he was taken sick about the last of June, 1876, and left said place about the first of July following; that his services to the beginning of his sickness, and the use of his stock, was worth more than the amount of the balance claimed by plaintiff as due on the mortgage; that plaintiff, about the middle of August, bought the crop of said Boyd, and assumed to pay whatever Boyd owed Lewis on the contract. To the said evidence offered by defendant to prove payment of the mortgage, the bill of exceptions recites that "the plaintiff objected to each portion thereof, and to it as an entirety," but being overruled, reserved his exceptions.

By way of rebuttal, the plaintiff introduced proof tending to show that at the time he bought said crop of Boyd, he (Boyd) contended that he did not owe Lewis anything, but that the failure of Lewis to comply with his contract had injured him more than Lewis' services were worth.

The court permitted the plaintiff to prove the damages occasioned by the failure of Lewis to perform his work in a proper manner up to the period of his sickness. The plaintiff then offered to prove that the absence of Lewis—during his illness—was of great damage to the crop of Boyd, and necessitated the outlay of large sums of money, equal to the entire value of Lewis' services. But the court refused to permit him to prove any damages accruing subsequent to the time Lewis became sick, to which plaintiff excepted.

Plaintiff also offered to prove damage sustained by Boyd to his crops during the sickness of Lewis, on account of negligence by Lewis, in his failing to comply with his contract before he became sick; but the court refused to permit such evidence, and the plaintiff excepted.

The court charged the jury, " that if, in the purchase by Dryer of Boyd's crop, after the death of Lewis, Dryer contracted with Boyd to assume Boyd's liability to Lewis, and if the amount due from Boyd to Lewis was greater than, or equal to, the amount due on said mortgage, Dryer could not recover;" also, " that no matter what agreement Dryer and Boyd made between themselves as to the amount due Lewis, yet, if they believe that Dryer stepped into Boyd's shoes— took Boyd's place—in regard to said crop, after the death of Lewis, the mortgagor, then the plaintiff (Dryer) was bound to the administrator of Lewis for the amount which might be due Lewis on his contract with Boyd; and if they believed

the amount due on said contract was greater than, or equal to, the amount due on said mortgage, the plaintiff could not recover." To the giving of these charges the plaintiff excepted, and now assigns the several rulings of the court as error.

W. C. BREWER, for appellant.

ABERĊROMBIE & GRAHAM, contra.

BRICKELL, C. J.—1–2. This was an action of detinue for the recovery of a horse, in which the appellant was plaintiff, and the appellee defendant. The title of the appellant was that of a mortgage. The defense was, the payment of the mortgage debt, the defendant having possession of the horse, as administrator of the deceased mortgagor. A mortgagor of personal property, or his personal representative, may, when sued by the mortgagee for the recovery *in specie* of the thing mortgaged, defeat a recovery by proof of the payment of the mortgage debt.—*Brown v. Lipscomb*, 9 Port, 472; *Sims v. Caufield*, 2 Ala. 555; *Bell v. Pharr*, 7 Ala. 807; *Morrison v. Judge*, 14 Ala. 182. The evidence tending to prove payment was objected to generally; and the specific objection now urged, is, that the payment being made after the commencement of the suit, ought to have been pleaded *puis darrein continuance*, and not having been so pleaded, the evidence was inadmissible. It does not appear that the facts relied on as proving payment occurred after issue joined, and if they did not, they were not proper matter of a plea, *puis darrein continuance*. A distinction well established,. exists between a matter of defense arising after issue joined, and such matter when it arises pending the suit, but before issue joined. The former must be pleaded *puis darrein continuance*; the latter is a plea in bar to the further maintenance of the suit, and in the absence of a statutory provision, unlike a plea *puis darrein continuance*, may be pleaded with other pleas in bar.—*Sadler v. Fisher*, 3 Ala. 200; *Burns v. Hindman*, 7 Ala. 531; *McDougal v. Rutherford*, 30 Ala. 253.

3. The specific objection now made to the evidence, can not be supported. The generality of the objection would have justified the court in overruling it. " Undefined objections should never be made to the admission of evidence; and it may be laid down generally, that if the party making them, will not particularize, the court is not bound to cast about for the grounds upon which, in the mind of counsel,.

they are rested, but may promptly disregard them. Justice itself, the dignity of judicial proceedings, and the certainty of the law, all impel to this conclusion."— *Wallis v. Rhea,* 10 Ala. 451. If the objection now relied on, had been made in the Circuit Court, and an amendment of the pleadings had been necessary, the court would have at once directed it, and thus removed the ground of objection.

4. The principle of the common law, that if one undertakes to serve another for a definite time, at certain wages, or where an entire contract has been entered into for the performance of a number of acts, the service or labor is a condition precedent to the right to demand payment, was recognized in *Greene v. Linton,* 7 Port. 133; *Givhan v. Dailey,* 4 Ala. 336. The statute has since changed the principle, in its application to contracts for personal service, when full performance is prevented by the death of the servant, during the term of service. His representatives are then entitled to recover a rateable compensation for the services actually rendered.—R. C. § 2557; Code of 1876, § 2922. The intestate of the appellee was entitled to a rateable compensation for the services rendered to Boyd.

5. If the appellant had entered into a contract with Boyd, by which he bound himself to pay such compensation, the appellee would be entitled to recover it of him.—*Mason v. Hall,* 30 Ala. 599; *Huckabee v. May,* 14 Ala. 263. The amount of such compensation was the matter of controversy.

6. It would have been competent for Boyd, if he had been sued for such compensation, to reduce the recovery by proof that the intestate of the appellee, from bad health, was disabled from rendering efficient service, or that from negligence, his services were less valuable than they would have been if he had been diligent.—*Hunter v. Waldron,* 7 Ala. 753; *Jones v. Dryer,* 16 Ala. 221. The same right the appellant could exercise, as his promise was, to pay only what was justly due from Boyd.

7. The evidence offered and rejected by the Circuit Court, was not confined to proof of these facts. It extended to proof of damages, not the immediate, natural consequence of the inability of the intestate to render efficient service, or of his negligence. The measure of damages was the difference between the value of the services actually rendered, and the value of the services contemplated by the contract. Or, if Boyd had been compelled to pay for services or labor, the intestate ought to have rendered the reasonable value of such services. Damage to the crops, in consequence of the in--

testate's sickness, or negligence, was not a proper criterion of the measure of reduction. This could have been avoided by the employment of another to supply the place of the intestate. *Peters v. Whitney*, 23 Barb. 24; *Burton v Holley*, 29 Ala. 318.

7. When legal is united with illegal evidence, the court is not bound to separate the good from the bad—but may reject the whole.—*Smith v. Zauer*, 4 Ala. 99.

We find no error in the record, prejudicial to the appellant, and the judgment is affirmed.