ALEXANDER  WILLIAMS  v.  PUBLIC  SERVICE  RAILWAY
COMPANY.

Argued February 16, 1909—Decided September 24, 1909.

Matters arising after the commencement of an action and before plea
    may be pleaded against the further maintenance of the suit.

---

On motion to strike out plea.

Before Justices REED, TRENCHARD and MINTURN.

For the motion, *Abner Kalisch* and *Samuel Kalisch, Jr.*

*Contra, Leonard J. Tynan.*

The opinion of the court was delivered by

TRENCHARD, J.   This is a motion to strike out a plea.

On December 23d, 1908, Alexander Williams issued a sum-
mons out of the Supreme Court in an action in tort against

the Public Service Railway Company, which summons was returnable January 4th, 1909.

On January 21st, 1909, he filed his declaration.

On February 6th, 1909, the defendant company filed two pleas, one the general issue and the other that the plaintiff ought not to further maintain his action because of a general release under seal given to the defendant by the plaintiff after the commencement of the action, to wit, January 23d, 1909.

The plaintiff now moves to strike the last-mentioned plea from the record as having been improperly filed.

As we understand the argument of counsel for the plaintiff it is that the plea is bad, because he asserts that the plaintiff was a minor at the time suit was brought.

Whatever the fact may be in that regard, there is no indication of infancy of the plaintiff on the face of the summons. Nor is there in the declaration any allegation to that effect which the defendant is bound to negative. In its commencement by way of recital it is said that the plaintiff, being a minor, sues by his next friend. But there is no substantive allegation that he is a minor either there or elsewhere in the declaration. If he was an infant at the time suit was brought, still he might well have been of full age when he subsequently executed the release. If of full age, the release, being a matter of defence arising since the commencement of the action, but before plea, may be pleaded against the further maintenance of the suit. *Hendrickson* v. *Hutchinson,* 5 *Dutcher* 180; *Dryer* v. *Lewis,* 57 *Ala.* 551; *Kimball* v. *Wilson,* 3 *N. H.* 101; *Wishcart* v. *Legro,* 33 *Id.* 177; *Clark* v. *Fox,* 9 *Dana* (*Ky.*) 193. If the plaintiff was an infant at the time of the execution of the release, that fact would not make the release void. It would only render it voidable. If the plaintiff desires to avoid the release on account of his alleged infancy, he should file a replication setting up his infancy.

The plea being good, the motion to strike it out is denied.