## BAKER v. MOODY.

1. Where a guarnishee answered "that he had in his possession, a sum of money belonging to the defendant in attachment, but which he was informed by him was to be paid over to another person, but that person had given no notice of any claim to it;" held that a judgment against the garnishee, condemning the money, as the property of the defendant in attachment, was correct.

Writ of error to the Circuit Court of Tuscaloosa County.

THE defendant in error having obtained a judgment against one Richard Jones, summoned the plaintiff in error, as garnishee, upon whose answer, the court rendered judgment against him, from which judgment, this writ of error is prosecuted. The substance of the answer appears in the opinion of the Court.

PORTER, for the plaintiff.
MOODY, contra.

ORMOND, J.—That portion of the answer of the garnishee which it is alone important to consider, is to the following effect: "That he has in his possession the sum of two hundred and seventy-two dollars and eighty-one cents, which he received for a certain quantity of cotton, which he sold at the request of Richard Jones, to whom, as he was told by said Jones, said cotton had been transferred by W. Naylors, in payment of a debt. Garnishee was instructed by the said Jones to pay the said money to him, the said Jones. The said Jones stated in presence of this garnishee, that the said money was to go to Daniel Davis; but on what account, garnishee does not know."

It does not appear, from this answer that Davis has any title to this money. For aught that appears, Jones intended to pay it in discharge of a debt. Had Davis notified the garnishee that he set up a claim to the money in his hands, it would not have been proper to have rendered a judgment against the garnishee, on his answer alone. But concluding, as we do, that the answer discloses that the money in the hands of the garnishee, was the property of Jones, the judgment of the court below must be affirmed.