# WALKE v. McGEHEE.

1. In proceedings by garnishee process, *it seems* such demands only can be condemned, as would entitle the attachment or judgment debtor to recover in debt, or *indebitatus assumpsit*.

2. A promise to divide the rent of certain land for the year 1843, and until the determination of a named suit, induced by the undertaking of the promisee to produce evidence on the trial of a suit in chancery, showing the failure of consideration of certain notes, will enable the promisee to maintain *indebitatus assumpsit* on showing the receipt of notes.

3. In a suit against the promisor in such a contract, it is not incumbent on the plaintiff to show any performance of his undertaking, the promise to perform being a sufficient consideration to sustain the cotnract.

35

Writ of Error to the Circuit Court of Perry.

McGehee was summoned as garnishee, as the debtor of one Falls, at the suit of Walke, and having denied any indebtedness, the plaintiff made the requisite oath to contest this fact, and afterwards an issue was made between these parties, in which the plaintiff asserted that McGehee, at the time of the service of garnishment was indebted to Falls.

At the trial, the plaintiff proved an instrument, signed by both Falls and McGehee, in these terms : " The rent of the Fluker place, in the tract of land sold by the marshall, as the property of John Falls, is to be equally divided between said McGehee and Falls, for the year 1843, and until a suit in chancery, Weissinger, &c. v. said Falls, is determined. Attorney's fee to be paid out of rent. June 22, 1842." The proof in regard to the consideration of this instrument was this : McGehee had purchased land of Falls, upon which, as was afterwards ascertained, there was a lien by an unsatisfied judgment against Falls. Falls had given a mortgage to one Gorman on the tract of land mentioned in the instrument as the Fluker tract, to secure notes for about $6,000, and was in possession of said tract, holding and owning the equity of redemption. The execution on the outstanding judgment against Falls, was levied on the Fluker tract, and Falls' equity of redemption sold. McGehee became the purchaser, bidding the amount for which the judgment was a lien on the land by him before bought from Falls. After, or about this time, Weissinger, as the executor of Gorman, filed his bill in chancery to foreclose the mortgage on the Fluker tract, and in a conversation between McGehee and Falls about said suit, Falls professed to be able to produce evidence showing the consideration of the notes for which the mortgage was given, had failed to a considerable amount, say nearly one half, and undertook to do so on said trial in chancery. This was the consideration and inducement with McGehee for executing the instrument above stated. There was proof that McGehee had received and enjoyed the rents of the Fluker tract for the year 1843, and up to the time of trial, and that the same was of the yearly value of from

three to $500. There was proof that a suit in chancery was brought by Weissinger against Falls, to foreclose the mortgage, and that the answer was filed, and the suit then pending undetermined. There was no proof that any evidence had been produced by Falls, tending to show a failure of consideration for the notes for which the mortgage was given.

The court was requested by the plaintiff to instruct the jury that McGehee was indebted to Falls for one half the rent of the Fluker tract, (deducting his part of an attorney's fee,) from the year 1843, and including that year, on the face of the instrument itself, and without showing a previous performance of his undertaking, to produce testimony, &c. and they should find the issue for the plaintiff. This the court refused, and instructed the jury, that unless Falls had produced proof of performance, McGehee was not indebted.

The plaintiff excepted, and assigns that the court erred in refusing the charge requested.

Johns, for the plaintiff in error, insisted—

1. That the promise of Falls was a sufficient consideration to support the promise by McGehee, and in such cases it is unnecessary to aver, or prove performance. [Story on Con. §127 ; Briggs v. Tillotson, 8 John. 306 ; Hob. 88, b.; 1 Saund. 320, note 1.]

2. If the contract of McGehee is dependent, yet a defence having been entered, and he having received a benefit, will not be permitted against a creditor to claim performance as a condition precedent. [Bell v. Perrine, 10 Wend. 219.]

E. W. Peck, contra, argued—

1. The agreement, connected with the evidence of Lee, shows that the relation of debtor and creditor did not exist between Falls and the defendant in error, and consequently whatever may have been the rights of the respective parties to it, there was no ground to condemn McGehee as Falls' debtor.

2. Falls, if he had any remedy on this agreement, would have had to declare upon it specially, setting out the consid-

eration, and averring that he had performed, or was ready to perform, his part, &c., *that is, that he was able to, and had, or was ready to produce the evidence, &c.* If so, then the creditor of Falls cannot reach McGehee by garnishment.

GOLDTHWAITE, J.—1. We are inclined to think that a demand against a garnishee can be subjected to process of attachment only when a debt is actually existing. Our statutes, when they speak of indebtedness to the defendant in attachment or judgment, refer to such indebtedness as would enable the creditor himself to maintain either debt or *indebitatis assumpsit;* but it is unnecessary now to determine this point here, as we consider the garnishee thus liable in this instance.

2. Although the case was not put to the jury on this point, yet it is certain we shall advance considerably towards a conclusion upon the merits, by ascertaining whether the contract proved, would warrant Falls in pursuing McGehee by either of these forms of action. Assuming that the written instrument cannot be considered as a written promise to pay a debt or perform a duty, within the terms of our statute, so as by itself to import a consideration, it becomes necessary to ascertain if one is proved. It appears, then, that Falls undertook on the trial of a named chancery suit, to produce evidence showing the consideration of certain notes had failed to a considerable amount. If this consideration was incorporated in the writing, its form would then be, that in consideration that Falls would produce, or had promised to produce such evidence, it was agreed by McGehee that the rents of the Fluker place were to be equally divided between them for the year 1843, and until the particular suit was determined. The contract in this form would be one by which McGehee undertook to divide the rents with Falls until the determination of the suit, and there would be no term in it from which the intention could be inferred that nothing was to be paid until the evidence was produced. It seems to differ in no respect from any other engagement in which one party promises to pay a sum of money on a day certain in consideration of a promise to him to perform some duty at a future day,

The matter which McGehee undertook to perform was the dividing of the rents as soon as received, and as this was capable of being reduced to a sum *in numero*, it follows that *indebitatis assumpsit* might be maintained by Falls, if the rents were received in money.    If in point of fact the land was not rented, but merely occupied by McGehee, it is possible a different question would arise.

3. Having ascertained, then, that Falls, the debtor, could maintain *indebitatis assumpsit* on this contract, we shall proceed to ascertain when the right to bring this action accrued, or might accrue.    The circuit court considered the right dependent on the production of the evidence, but in our judgment, the contract is one which bound McGehee to divide the rents when received, and bound Falls to produce the evidence at the trial.    In speaking of executory considerations, it is said the consideration, and the promise of the defendant, are two distinct things, and in order to show that the plaintiff possesses a right of action, it is in general necessary to aver the performance of the consideration on his part : but in cases of mutual promises, it is not always necessary to aver performance of the thing stipulated to be done—the plaintiff's *agreement* to perform being a sufficient consideration—unless the *performance* of one act be the consideration of the performance of the other.    [Chitty on Plead. 324-5.]    If the rule was otherwise, it would be impossible to make a valid contract to pay money presently in consideration of. a duty to be afterwards performed.

It has been urged, is McGehee bound at all events to pay for services which cannot or may not hereafter be performed ? If it is entirely out of the power of Falls to prove what he undertook to show at the trial, as probably would be the case if the consideration had not failed, we perceive no greater difficulty in making the defence than there would be in any other case of false representation ; and if he is not able to perform his contract from any other cause, it is no more than the ordinary case of default, which the party might have, but has not guarded against.

Taking the contract in connection with the circumstances and consideration which led to it, we think the intention of

the parties is manifest, that the rents were divisible as soon as received, and in this view, the charge of the court below is erroneous.

Judgment reversed and cause remanded.