MARTIN v. EVERETT.

1. If an overseer so acts in the business of his employer as to authorize his dismissal, yet if the employer, with a knowledge of the fact, overlooks the impropriety, and retains the overseer in his service for months, he cannot then make such misconduct an excuse for discharging him, in the absence of a cause subsequently occurring.

2. Where an overseer employed by the year, is discharged before the termination of that period, without a sufficient excuse therefor, he may immediately institute his action for a breach of the contract, and recover not only the damages which then shall have accrued, but such as shall have developed themselves up to the time of the trial.

Writ of Error to the Circuit Court of Perry.

This was an action of assumpsit at the suit of the defendant in error. The cause was tried by a jury, who returned a verdict for the plaintiff, on which judgment was rendered. From a bill of exceptions sealed at the instance of the defendant, it appears that evidence was adduced tending to prove that the defendant employed the plaintiff as an overseer for twelve months, from the 1st day of February, 1845, at $25 per month, or $300 per year; but other testimony was offered, showing that the defendant hired the plaintiff by the month, at $25, and that the latter entered upon the service of the defendant, and so continued up to 9th of September, 1845, when the defendant discharged him for being absent from his plantation on business, and refused to allow him to continue his employment.

Defendant introduced proof showing that the plaintiff had treated one of his slaves cruelly, in April or May, preceding his dismissal, and that a short time previous to the 9th of September, he absented himself for a day or two from defendant's business without in his consent.

Plaintiff proved, that if he had maltreated the defendant's slave, the defendant had waived all objection he may have

had to him for that cause; and further, that he had not abandoned, or unduly neglected the defendant's business.

The court charged the jury, that if the contract was, that the plaintiff should serve the defendant by the month, at $25, then the plaintiff was entitled to recover at that rate for the time he served. But if he was to serve the defendant one year for $300, then the plaintiff could not recover on such a contract in this action—the same being instituted within the year.

Whether the contract was entire or not, if the plaintiff served the defendant according to his undertaking, until the 9th of September, 1845, and was then discharged without any fault on his part, then he was entitled to recover the value of his services for the time he served.

The defendant's counsel prayed the court to charge the jury, that if the contract was entire for services as an overseer for one year, commencing on the 1st February, 1845, at the price of $300 a year, then this action was prematurely commenced on the 22d September, 1845, and the plaintiff could not recover, although he was discharged without a cause at the time shown by the proof. This charge was refused.

*Further*, if the plaintiff, in May, 1845, treated the defendant's slave cruelly, the jury might, from all the evidence consider whether the defendant waived his objection on that ground, or whether that act of cruelty was so connected with other objections reaching down to the 9th September, 1845, as to justify the plaintiff's discharge. This was in like manner refused; and the jury were charged, that if the plaintiff inflicted cruel punishment on the defendant's slave, and the latter afterwards continued him for months in his employment, he thereby waived all right to discharge him for that cause.

A. GRAHAM, (of Perry,) for the plaintiff in error, contended, that the contract was entire for a year, and if the overseer was discharged without a cause; he could not maintain an action before the end of the year, and the objection that the suit was prematurely brought is available under the general issue. [1 Stew. R. 29; 4 Ala. Rep. 336; 9 Id. 754.] Davis

v. Ayres, 9 Ala. Rep. 292, does not oppose this view. The charge in respect to the effect of the cruel treatment of the defendant's slave, withdraws from the jury the consideration of a fact. [9 Ala. Rep. 108.]

I. W. GARROTT, for the defendant in error. Conceding the entirety of the contract, and yet the plaintiff was entitled to sue immediately his service was terminated, if the discharge was without a cause. [8 Porter's Rep. 253.] As for the cruel treatment of the slave, if it ever occurred, the subsequent acceptance of the plaintiff's services was an implied waiver of all objection for that cause. [9 Ala. Rep. 106.] The action was certainly maintainable as soon as the plaintiff was dismissed, if his dismissal was causeless—not perhaps for wages, if the employment was for a year, but for a breach of contract. [9 Ala. Rep. 292.]

COLLIER, C. J.—Conceding that the evidence may have shown some neglect of duty, on the part of the plaintiff, after the maltreatment of the slave in April or May, and previous to the neglect which induced his dismissal in September, yet if the defendant overlooked that outrage, and still continued the plaintiff in his employment, he could not justify his action, some four months afterwards upon that ground. In Roberts v. Brownrigg, 9 Ala. Rep. 106, we said, that drunkenness would authorize an employer to dismiss his overseer, but that a single act of intemperance would be considered as forgiven, if he was afterwards permitted to remain on the plantation. " It could not be tolerated that the employer should pass over such such an offence, until such period as suited his convenience, and then give this as a reason for putting an end to the contract. The injustice of this will be apparent, when it is considered that if the overseer is rightfully dismissed, he forfeits all right to the wages which have accrued at the time of his dismissal, when the contract, as in this case, is entire. The obligations of good faith require that the employer should act promptly, when any just cause exists for putting an end to the contract." In the case at bar, but a single act of cruelty was proved or pretended, and between this and the neglect which caused the dismis-

48

sal of the plaintiff, there does not appear to have been any connection—in fact no particular objectionable act, or omission of duty is shown to have occurred during the intervening period.

The court very properly referred to the jury the question whether the contract of the plaintiff was to serve the defendant for an entire year, or whether it was for service by the month. If it was the latter, then they were informed that he was entitled to recover wages, at the price stipulated, up to the period of his dismissal. Thus far the plaintiff in error does not controvert the ruling of the circuit court. But he insists that the jury should have been charged, that although the plaintiff was discharged without sufficient cause, yet if the time for which his services were to continue, had not expired, the action was commenced prematurely, and he was not entitled to recover.

In Davis v. Ayres, 9 Ala. Rep. 292, we held upon full consideration, that where a party stipulated with another to pay him fifty dollars *per month*, for four months, for his services as a clerk in a store, and then refuses to allow the services to be performed, without a sufficient cause, the party engaged as a clerk, may immediately commence an action against his employer, and recover not only the damages sustained by the breach of contract, at the time the suit was brought, but such as may be developed up to the trial. The declaration in the case before us contains several counts, at least one of which alledges the breach of contract according to the proof; and the case cited is therefore decisive in favor of the plaintiff's right to sue before the end of the year, if he was causelessly dismissed. Whether, if the plaintiff had declared alone for the wages agreed upon, as if he had performed, or been willing to perform his contract, he should not have awaited the expiration of the year before instituting his suit, is a question which need not be considered.

It follows that the errors insisted on are not available. The judgment is consequently affirmed.