## McGEHEE, Garnishee, v. WALKE.

1. A plaintiff in garnishment, as against the garnishee, is substituted merely to the rights of his debtor, and can not subject a demand, on which the debtor himself, if sueing, would not be entitled to recover.

2. If McG., having purchased, at execution sale, the equity of redemption of F. in a tract of land, which F. had previously mortgaged to G. as security for a debt, agrees with F. to divide with him the rents of the land, so long as he retains the control of it, in consideration, that F. will defend a bill of foreclosure, filed by the administrator of G., and furnish proof, that will reduce the debt of, G. to one half the amount claimed, and, in pursuance thereof, F. files his answer to the bill, but fails to furnish any proof whatever, and a decree is rendered for the full amount, it is such a failure of consideration, on the part of F., as discharges McG. from his contract.

Error to the Circuit Court of Perry.  Before the Hon. J. D. Phelan.

THE facts in this case are fully stated in the opinion of the court.

E. W. PECK, for plaintiff in error.

1. When this case was before in this court, it was held that a demand against a garnishee could be subjected to process of attachment only where a debt actually existed—that it must be such a demand as would enable the creditor himself to maintain either debt or *indebitatus assumpsit.*    11 Ala. Rep. 276.

2. The agreement between the plaintiff in error and Falls was an entire thing, and by it Falls was entitled to half the rent of the land, or he was entitled to nothing.    Therefore, the charge, that if there was a partial performance of the agreement on the part of Falls, the jury might proportion their finding according to the benefit the plaintiff in error had received by reason of such partial performance, was erroneous.

3. The consideration for the agreement, on the part of the plaintiff in error, to divide the rent, was the promise of Falls to prove a partial failure of the consideration of the note, on the trial of the chancery suit spoken of in the evidence of the witness Lee.    If, therefore, Falls wholly failed and neglected to prove that fact, then there was a failure of the consideration upon which the agreement was founded, and consequently no recovery could rightfully be had in this case.    For this reason, the first charge asked, and refused, should have been given.    Walke v. McGehee, 11 Ala. Rep. 277.

4. It was not only admitted by the defendant on the trial, but insisted upon before the jury, that the object of the agreement by both parties, was to postpone the decision of the said chancery suit, in order that they might in the mean time divide the rents and profits of the land.    The court, therefore, should have charged the jury, that the contract was illegal and void, without adding, that if the jury believed, delay was only expected or even desired as a consequence only, and that they intended to defend the said suit for a partial failure of consideration, that, then, the agreement would not be void;—because, this object being admitted, it was a fact upon which the court should have pronounced the law, without referring it to the jury to ascertain what might have been the expectations or desires of the parties, and thus determining the legal character of the contract,

not by the admitted fact, but by what the jury might believe to have been the expectations or desires of the parties.

5. The charge asked by the plaintiff in error, that if the corn received for the rent of the land for the year 1843, had been used by him, that then he would not be liable in this suit for the proportionate value thereof, should have been given to the jury—because the plaintiff and Falls were tenants in common of the corn.   Falls, therefore, could not, on this hypothesis, have maintained *indebitatus assumpsit* against the plaintiff in error.   His remedy would have been either, by action of account, trover, special action on the agreement, or by bill in equity.   If however, the corn had been actually sold by the plaintiff in error, and the price received in money, then the action of. *indebitatus assumpsit* might have been maintained.   Cochran v. Carrington & Prall, 25 Wendell's Rep. 409 ; 2 Caine's Rep. 166 ; 15 John. Rep. 159 ; 9 Mass. Rep. 538 ; 3 Pickering, 420 ; Rains v. McNairy, 4 Humph. Rep. 356 ; Weld v. Oliver, 21 Pickering, 559 ; White v. Osborn, 21 Wend. Rep. 72.

BROOKS, contra.   1. The overruling of the demurrer cannot be assigned as error : it was filed to the issue tendered upon the first answer—since then, the cause was tried in the circuit court, and its judgment reversed by the supreme court—a new answer was filed by the garnishee—that answer was contested, and a new issue formed without the interposition of a demurrer.   The first issue tendered was good.   Myatt et al. v. Lockhart & Massey, 9 Ala. R. 91.

2. The stipulations in the contract are independent, and Falls was entitled to recover without proof of performance of his part of the agreement.   Walke v. McGehee, 11 Ala. Rep. 273.

3. The partial performance of his agreement by Falls, was, beneficial to McGehee in delaying the chancery suit, and thereby enabling him to obtain the rents of the Fluker land for the years 1843, 1844 and 1845 ; therefore, McGehee is bound to pay for the partial performance.   Chit. on Con. 161, 276, 277.

4. One tenant in common may maintain trover against his

co-tenant for the sale, destruction, or consumption of a chattel. Wilcox & Gibbs v. Reed, 3 Johns. 174. Therefore, Falls could have maintained trover against McGehee, for his use and consumption of the corn. And where one takes the goods of another, and converts them without the owner's consent, the tort may be waived and assumpsit will lie, although there was no contract. Hill v. Davis, 3 New Hamp. 384; Floyd v. Wiley, 1 Miss. 430; Labeaum v. Hill, Ibid. 643; Cunningham and wife v. Noyes, 10 Mass. 435; 4 Esp. Rep. 30.

5. The court did not err, in submitting to the jury the question, whether the corn was used by McGehee or not. And a fair construction of the bill of exceptions shows that circumstances were in proof which authorized the jury to find that fact against the garnishee.

6. One tenant in common may maintain assumpsit for rent against his co-tenant. 9 Mass. 538; Walke v. McGehee, *supra*.

CHILTON, J.—The plaintiff in error was summoned as a garnishee, to answer what he was indebted to John Falls, against whom the defendant in error had sued out an attachment in the circuit court of Perry. He answered the garnishment, denying an indebtedness, and the same being controverted upon the oath of the opposing party, an issue was made up between the plaintiff in the attachment and the garnishee under the statute, and was tried by a jury. The jury found against the garnishee, and a judgment upon their verdict was rendered against him for the sum of $157 25. To reverse which, the case is brought to this court.

1. The questions for revision are presented by a bill of exceptions to the charges refused, and instructions given by the court. It appears by the proof set out in the record, that McGehee had purchased of Falls a tract of land. An execution upon a judgment which constituted a lien on said land, being about to be levied, McG. had it levied on another tract of land which Falls had before that time mortgaged to one Gormon to secure a debt due from Falls to him. The equity of redemption of Falls in this last named tract of land, which is designated in the bill of exceptions as the Fluker tract,

McGehee, garnishee, v. Walke.

was sold by the marshal, and purchased by McGehee. After this purchase by McGehee of the equity of redemption, Wisener, the administrator of Gormon, the mortgagee, filed his bill for a foreclosure of the mortgage. McGehee and Falls then entered into a contract, the terms of which, as near as we can gather them from the proof in the record, are as follows: Falls having represented to McGehee that the consideration of said mortgage debt to Gormon had failed to the extent of about one half the debt, which he was able to prove, agreed with McGehee that he would defend the suit and make the said proof so as to reduce the mortgage demand, in consideration that McGehee would divide with him the rent of said Fluker tract for the year 1843, and until a final decree of the chancery·court foreclosing the mortgage upon said tract. It was further agreed that a fee to the solicitor for defending the suit should be deducted out of said rents. McGehee was the solicitor to whom said defence was entrusted.

Falls filed his answer in pursuance of said agreement, so as to prepare the case for the proof, but afterwards left the State, and removed to Mississippi, and failed to furnish any proof of the failure of consideration as agreed upon. The chancery suit was pending several years, during which time McGehee rented out the Fluker tract, and was finally disposed of in 1846, the bill being taken for confessed against the defendant, Falls, and a decree pronounced for the whole of the mortgage demand.

The question is, whether the failure of Falls to produce proof so as to reduce the amount for which the land was mortgaged, does not relieve McGehee from his promise to divide the rent. The court charged the jury, that if they found the filing of the answer was a part of the consideration for McGehee's promise, such filing would amount to a faithful performance on the part of Falls, entitling the plaintiff to recover a proportionate part for the rent, according to the benefit the said McGehee had received by such partial performance. The garnishee insisted the violation of the contract on the part of Falls discharged him from all liability under the contract, but the court refused so to instruct the jury.

McGehee, having purchased at the marshal's sale the right

to redeem this land from under the mortgage, had an interest in having the demand which was secured by the mortgage reduced as much as possible. He was entitled to the possession of the land, standing in the shoes of the mortgagor, whose interest he had acquired, and was entitled to the rents and profits until deprived of that right by the operation of the decree of the court. Aside, then, from the terms of the contract into which the parties entered, Falls had no claim upon the rents and profits of the land. Let us, then, consider the nature of the contract. It did not provide that Falls should file his answer setting up a sham or simulated defence, so as to stave off the trial of the foreclosure suit, and thus unjustly to retain possession of the land, so as to divide the rents and profits which in the mean time might accrue. Had such been the object and terms of the contract, the court would unhesitatingly pronounce it void, as impeding the due administration of justice, and contravening public policy. But we must presume the object was to make a valid and just defence, going to the consideration of the mortgage debt; and to this end, Falls engages that he will not only file his answer, (for if he had stopped here, the defence of partial failure of consideration would have been unavailing,) but he is to produce the proof to sustain the answer.

When this cause was previously before this court, the chancery suit was still pending. There had then been no violation of the contract on the part of Falls, to make the proof which he undertook to adduce. Then it did not appear but that he would in due time comply with his engagement, and the court held his promise was a sufficient consideration to support an action on the contract against McGehee. It is most manifest that the case now assumes an entirely different aspect. The creditor can acquire no greater right to a participation in the rents under the contract, than Falls himself possessed. Now, suppose Falls had sued upon the contract, and had averred in his declaration the facts as here detailed by the proof. It is perfectly clear he could not have recovered ; for he has failed to perform the most essential part of his contract, the production of proof to reduce the demand claimed by the mortgagee, and having violated the contract on his part, could not be allowed to enforce it

against McGehee. Martin v. Chapman, 6 Por. Rep. 344; Martin v. Everett, 11 Ala. Rep. 375. He engaged to make defence by his answer and proof. The defence is the failure of consideration, which the proof must sustain, or it must fail. It does fail. *Non constat*, McGehee has been injured by this failure, to an amount greatly beyond any benefit he may have derived from the partial performance. Be this as it may, the undertaking of Falls is entire. It was to make good the defence, and having failed to comply, he has no legal ground of complaint that McGehee refuses to pay him. 3 Ala. Rep. 440; Ib. 676; 4 Ala. Rep. 336; 2 Pick. Rep. 267; 10 Ib. 209; 4 McCord's Rep. 246; Ib. 26; 4 Greenl. R. 454; 6 Verm. R. 383.

While the part of the contract to be performed by Falls was executory, his promise furnished a sufficient consideration to enable him to recover. 11 Ala. Rep. 273. But when he neglected the performance, until by the termination of the suit upon the mortgage, it was rendered impossible for him to comply, it ceased to furnish a consideration for the undertaking on the part of McGehee.

Putting the contract aside, (as it is very clear Falls could not recover by virtue of it,) it is difficult to conceive upon what principle of law he could recover for the supposed benefit which has accrued to McGehee from the filing of his answer. It is said, delay of the suit was a consequence which resulted from the answer, and McGehee was benefitted by this, in being left for a longer period in possession of the mortgaged premises. Now such benefit is not the necessary or proximate result of filing the answer. Besides, it is not that for which McGehee contracted. If it was, we have seen the contract was void, and the law will never imply a contract, which it would hold void if expressly entered into between the parties. This benefit may have accrued from various accidental circumstances occurring in the progress of the cause, and the plaintiff in error cannot be said, in any just sense, to have acquiesced in a partial performance by its accrual, nor to have dispensed with a full compliance on the part of Falls, by the retention of the land.

It seems to me that it would be impossible for there to exist any legal criterion by which a recovery could be appor-

tioned to a benefit resulting from a combination of acciden-
tal causes, and which may in part be a consequence of the
part performance, but has no necessary connection with it.

The facts of the case clearly required the court to give the
first charge asked for by the plaintiff in error, and as this will
probably be conclusive of the case, it is unnecessary to no-
tice the other points raised in the argument.

Let the judgment be reversed, and the cause remanded.