HARRELL *vs.* WHITMAN.

1. An issue tendered by the plaintiff in an attachment suit, contesting the answer of a garnishee, which avers "that the said garnishee is indebted to the said defendant in attachment, and was at the time of the service of the garnishment," is sufficient.

2. The plaintiff in attachment can only subject, by process of garnishment, such debts as the defendant might recover by suit at law in his own name.

Error to the County Court of Lowndes.

I. F. Stone, for plaintiff in error:

1. The proceeding by garnishment in point of law, is the institution of a suit, and is governed by the same general rules of law applicable to other suits.—S. & E. Travis v. Tartt, 8 Ala. 574. It is a legal and not an equitable proceeding.—Thomas v. Hopper, 5 Ala. 442.

2. The attaching creditor is merely substituted to the legal rights of his debtor, and can only recover against the garnishee, where the debtor himself could recover; see the authorities above cited.

3. If Powers had brought suit against the garnishee, would the note as set out in the bill of exceptions have been admitted

as evidence for him? It certainly would not, and this point has been expressly decided in Taylor v. Acre, 8 Ala. 491.

4. The note as set out in the bill of exceptions was not admissible, as contended for by the defendant in error in his petition for a re-hearing. And if testimony which is inadmissible and improper, is permitted by the court to go to the jury, the appellate court will not presume the proof of circumstances, (not appearing in the bill of exceptions) which would render such testimony legal.—Smith v. Maxwell, 1 Por. 221.

5. If the bill of exceptions states enough to put the court in error, then the court should insert what is necessary to put itself right, if the circumstances will admit, and if it fails to do so, no presumption can be indulged by the appellate court, to sustain its judgment.—17 Ala. 415.

The bill of exceptions is explicit in stating, that the handwriting of the garnishee to the note was proved, and that it proved to have been in the possession of Powers, before the commencement of the suit. Can it then be possible that the judge would sign a bill of exceptions, which omitted as important testimony as an indorsement of the note or a direct promise to pay the same to Powers, (the defendant in attachment.) If he would, this court will not aid him with the presumption, that such indorsement or promise to pay was in evidence.—See the case of Smith v. Maxwell, 1 Por. 221, above cited.

STONE & JUDGE, *contra:*

1. On the subject of the issue, the authorities relied on are in cases where defendant in execution contests the answer.—Graves v. Cooper, 8 Ala. 811.—Twelves v. Ladono, 15 Ala. 732. When plaintiff in execution contests, *no formal issue is required,* other than the statutory oath.—Thompson v. Allen, 4 S. & P. 184; Marston v. Carr, 16 Ala. 325.

2. The general principle is admitted, that only legal demands can be condemned in garnishment proceedings. But what are equitable demands in this connection? Surely, those which can only be enforced in a Court of Chancery. This demand is purely legal, and cannot be enforced in chancery.—Hammond v. Messenger, 9 Sim. 327. It is true, Powers had not the technical legal right to sue in his own name; but still, it was a purely legal demand. This court has frequently held, that

garnishment is a remedial proceeding, and it should be liberally expounded. Demands which are not such as the defendant can sue in his own name, have been frequently subjected in garnishment proceedings.—Lucas & Brooks v. Goodwin, 6 Ala. 831; Marston v. Carr, 16 Ala. 325.

3. Our statute, (Dig. 63, §§ 39-40,) clearly shows that garnishment is not intended to be technical in the character of demands it operates on, and the decisions, *supra*, give a liberal construction to all the remedial provisions.

4. If this court hold that demands of this nature cannot be reached by garnishment, then judgment debtors can always place their effects beyond the reach of the law, by investing them in notes not endorsed, or by taking notes payable to third persons. It is not an answer to this, that chancery can afford relief. A large majority of the cases are too small to get into chancery.

5. The affirmance of this case can not let in all classes of equitable demands. Only the one class of cases in which the defendant has not the technical legal right to sue in his own name, can come in.

6. The court cannot, in this case, presume that all the evidence given in the court below is embodied in the bill of exceptions. On the contrary, the court is bound to presume that other and sufficient evidence was given to justify the verdict. The note was clearly admissible as one link in the chain of evidence; and this court cannot know that there was not other proof, showing that Powers could have sued on the note in his own name, such as the endorsement of the note to Powers, or a promise by Harrell to pay Powers the money. The objection made was to the admissibility of the note. It should have been received, and after the testimony was closed, if the plaintiff's case was not made out, then the garnishee should have moved the court to exclude the evidence, or asked a charge upon its sufficiency.—McNeill v. Reynolds, 9 Ala. 313; Palmer v. Severance, ib. 751; Abney v. Kingsland, 10 Ala. 355. (The court is asked to look into the petition for a re-hearing, where there is an elaboration of this last point.)

PARSONS, J.—James K. Whitman issued an attachment against John Powers, and summoned German B. Harrell as a garnishee, who we infer from the record, denied any indebted-

ness to Powers, the defendant in attachment. The plaintiff contested the answer of the garnishee, and tendered the following issue: "and the said plaintiff by his attorney comes and says, that the garnishee within named, is indebted to the defendant, John Powers, and was at the time of the service of the garnishment." The garnishee moved the court to reject the issue thus tendered, and to compel the plaintiff to file a statement or allegation of the indebtedness from him to the defendant. This motion the court overruled. To show the indebtedness of the garnishee, the plaintiff proved his hand writing to a note, dated the 24th of November, 1836, due on the first day of February next thereafter, payable to Nathan Meek or order, for eighteen hundred dollars, and also proved that Powers was in possession of the note at the time the suit was commenced. The plaintiff then offered to read the note to the jury as evidence. The garnishee objected, but the court overruled the objection, and the note was read. We think the issue tendered by the plaintiff in attachment was sufficient. To require a plaintiff to file a declaration against the garnishee, setting out his indebtedness with legal precision and accuracy, might often defeat the ends of justice, as it cannot be supposed that he is always in possession of the evidence of the indebtedness, or able to describe it with the usual accuracy required in a declaration. If we were to hold that the allegation of the indebtedness was insufficient, we should be required to go the full length, that the plaintiff in tendering an issue to a garnishee who had denied his indebtedness, must aver the facts correctly, out of which the indebtedness arises. This he might be unable to do, as he has not the power to compel the defendant in the attachment to furnish him with the evidence, or to inform him of the facts, out of which the indebtedness grows. In the case of Thompson v. Allen, 4 Stewart & Porter, 184, it is said that in trying the indebtedness of a garnishee, no formal issue is required, further than an averment by the plaintiff, that he is indebted, and a denial thereof by the garnishee. There was no error in refusing to reject the issue tendered by the plaintiff.

2nd. We consider it settled by the previous decisions of this court, that the process of garnishment must be considered as a legal and not as an equitable proceeding, consequently, the defendant's rights to the fund or property sought to be condemned, must be legal as contradistinguished from equitable.—Represen-

tatives of Thomas v. Hopper, 5 Ala. 442. In the case of Travis v. Tartt, 8 Ala. 574, it was said that the proceeding by garnishment is the institution of a suit, in which the creditor is permitted to proceed against the debtor of his debtor, and therefore it would seem to be governed by the general rules, applicable to other suits. Again, in the case of Walker v. McGehee, 11 Ala. 273, it was said by the judge delivering the opinion, (although the point was not expressly decided) that "our statutes when they speak of indebtedness to the defendant in attachment or judgment, refer to such indebtedness as would enable the debtor himself to maintain debt or *indebitatus assumpsit.*" Indeed, if we ever depart from the plain rule, that the attachment and garnishment can operate only on the legal rights of the defendant, there will be no stopping point, and we must go the full length, that the equitable rights of the defendant may be attached by garnishment in a suit at law, and thus a court of law will become invested with cognizance of equitable rights, and therefore bound to ascertain and condemn them, however difficult the task may be, or however incompetent the powers of the court for this purpose. It is better to hold to the plain and settled rule, that the creditor can condemn by process of garnishment only such rights of his debtor, as the debtor could recover by action at law in his own name, that is, his legal rights as distinguished from equitable. As the plaintiff in the attachment can only subject by process of garnishment, such debts of his debtor as he could recover in his own name, it follows that the court erred in not excluding from the jury the note of Harrell to Meek. It did not appear that it was endorsed, nor was there any proof that Harrell had ever promised Powers, the defendant in the attachment, that he would pay him the money due thereon. In the absence of such proof, no suit could be maintained by Powers on the note in his own name.—Taylor v. Acre, 8 Ala. 491. For this error, the judgment must be reversed, and the cause remanded.

In reference to the question of the admissibility of the admissions made by Powers, we think it unnecessary to examine it, for the garnishee will scarcely insist on introducing them on another trial, nor is it probable that the plaintiff would object to them if offered, as they might tend to prove a promise on the part of the garnishee to pay the debt to Powers.

Judgment reversed, and the cause remanded.

Harrell v. Whitman.

NOTE.—On a re-hearing of this cause, the following opinion was delivered:

*Per curiam.* We have fully examined the cases to which we have been referred by the counsel for the defendant in error, and feel satisfied that the opinion heretofore rendered in this case asserts the law correctly. And our subsequent examination and reflection have the more confirmed us in the views then expressed, that the process of garnishment, being a legal proceeding, only entitles the plaintiff in the garnishment to a condemnation of such indebtedness on the part of the garnishee to the defendant in the attachment, as could be recovered by debt or *indebitatus assumpsit* in the name of the latter. Such seem to have been the views of our predecessors in Walke v. McGehee, 11 Ala. 273, and which is substantially followed in McGehee v. Walke, 15 Ala. 183.

The case of Peck & Clarke v. Lewis & Wallace at the present term shows, that the legal presumption arising upon the face of the note, notwithstanding it was shown to have been in possession of Powers, the defendant in the attachment, was that it evidenced a debt due to Meek, the payee, and not to Powers. It was then *prima facie* irrelevant, and the court should have excluded it, unless offered in connection with other proof, showing its relevancy, or at least with a proposal to make such additional proof. The bill of exceptions showing that it was *prima facie* irrelevant and inadmissible, if there was any reason shown why it should have been admitted, the party at whose instance the proof was received should have set it out; for where the court is put in error by the bill of exceptions, it is the duty of the court to set itself right, if the facts justify it, and if this be not done, we can indulge no presumption that facts were shown which would have cured the error.—Smith v. Maxwell, 1 S. & P. 221; Davis v. The State, 17 Ala. 415.