## COOK *vs.* WALTHALL.

1. Garnishment only lies to subject those demands for which the defendant in attachment could maintain debt or *indebitatus assumpsit*.

2. Two attachments, issued by a justice of the peace, were levied by a constable on certain personal property of the defendant, and plaintiff's attachment was levied soon afterwards by the sheriff on the same property; several other attachments were subsequently issued by the justice, and were also levied by the constable on the same property, and judgments having afterwards been rendered by the justice in all the attachment suits pending before him, the prop-

erty was sold by the constable, and the proceeds of sale paid over to the justice; plaintiff notified the justice that he claimed the surplus remaining in his hands after satisfying the two attachments first levied, but the justice disregarding the notice paid over the surplus to the junior creditors, and the plaintiff afterwards summoned him by process of garnishment as the debtor of the defendant. *It was held*—

That these facts showed no debt or demand which could be reached by process of garnishment.

ERROR to the Circuit Court of Wilcox.

Tried before the Hon. N. Cook.

Cook, the plaintiff in error, having obtained a judgment upon proceedings in attachment against one William H. Faulke, issued a garnishment, requiring Walthall, the defendant in error, to appear and answer what he was indebted to Faulke, or what moneys and assets of his he had in his hands, &c. Walthall answered, that he owed Faulke nothing, and had no effects of his in his hands at the date of the service of the garnishment. This answer was contested as incorrect, and an issue was formed to try its truth under the statute.

Upon the trial of this issue, it appeared that Walthall, as a justice of the peace, had issued two writs of attachment on the 27th December, 1847, one in favor of B. S. & T. T. Reeves for $13 25, the other in favor of George O. Miller for $25 65, against the estate of said Faulke. These writs were placed in the hands of one Tanner, a constable, who levied them on divers chattels, among which was a sorrel horse, as the property of said Faulke. It was shown that the attachment of Cook was levied by the sheriff, a few minutes after the constable had levied, upon said horse, and that such levy by the sheriff was so endorsed on the attachment and returned by him into court. After this, divers other small attachments were issued by Walthall, as justice, placed in the hands of Tanner, the constable, and by him levied on the same property. Judgments having been rendered on the attachments returnable before said justice, executions were issued, and the constable sold the property on twelve months credit. The money was subsequently collected by him, and paid over to said justice, Walthall, who received notice from Cook before he paid out the money, that he, Cook, would contend for all the fund remaining after satisfying the two attachments first

levied. Said Walthall, nevertheless, disregarding the notice, refused to retain the surplus, but paid it over to the junior attachments. This disposition of the fund was made previous to the service or issue of the garnishment upon him; but it appeared the parties to whom the same was paid, had indemnified said Walthall against liability on account of such payments.

Upon this state of facts, the court charged the jury, that if they believed that the defendant Walthall was neither indebted to Faulke, nor had any effects of his in his hands at the date of the service of the garnishment, other than the receipt of the money from the constable, arising from the sale of the property levied on as shown by the proof, they should find for the garnishee. This charge was excepted to by the counsel of Cook, who brings the cause to this court by writ of error, and assigns the same as the ground for reversal.

JENKINS, for plaintiff in error, made the following points:

Plaintiff in attachment has a right to contest a garnishment suit, which seeks to obtain the money owing by the purchaser of the attached property, and which had been lawfully sold by an older execution than the attachment. 12 Ala. Rep. 473, Johnson v. Burnett's adm'r. And in that case, the debtor had given his note, payable not to defendant in attachment, but to the officer who sold the attached property under the older execution; and the debtor and officer who sold, Burnett, were both summoned as garnishees; and the opinion of the court, and the whole adjudication in that case, proceeded on treating the funds as in the hands of said officer.

A levy of execution subsequent to levy of attachment, cannot defeat the lien of the attachment. Pond v. Griffin, 1 Ala. Rep. 678. And as to priority of liens, see Smith v. Hogan, 4 Ala. 93.

The lien of an attachment levied by garnisheeing, not defeated by garnishee's paying under judgment and execution, the amount owing the defendant in attachment at the time of service of the summons. 15 Ala. Rep. 732, and ib. 183.

Garnishment will lie wherever *indebitatus assumpsit* would lie by defendant in attachment against garnishee. McGehee v. Walke, 11 Ala. Rep. 273, and 17 ib. 312.

No counsel for defendant.

CHILTON, J.—It may be conceded, that the lien created by the levy of Cook's attachment could not be defeated by the subsequent levy of other and junior attachments by the constable, and that Cook is not without remedy to enforce his lien; yet it is too clear to admit of doubt, that he cannot reach the fund by the process of garnishment. This is a proceeding by which a creditor is enabled to reach in a summary way a demand due from a third person to his debtor; and to entitle the plaintiff to this remedy, it must be shown that the judgment debtor could have maintained debt or *indebitatus assumpsit* for the recovery of the demand sought to be subjected. McGehee v. Walke, 11 Ala. Rep. 273. In other words, the plaintiff in the garnishment is merely substituted to the rights of his debtor; and if the latter could neither maintain debt nor assumpsit for the recovery of the demand sought to be recovered, the plaintiff in the garnishment is not entitled to this remedy. McGehee v. Walke, 15 Ala. Rep. 183. Now it is not contended that Faulke could have recovered this fund from Walthall by any action, for the money certainly belongs either to the plaintiff in error, or, his claim aside, to the creditors of Faulke whose attachments were subsequently levied. It is not a question whether the money shall be paid to Faulke or to the attaching creditor, but the controversy is between two creditors who have conflicting liens by virtue of their levies. This controversy cannot be settled in such proceeding as this.

Again: Walthall had paid over the money to persons entitled as against Faulke, to receive it, *before* the garnishment issued, so that he could not be regarded as Faulke's debtor when the garnishment was served.

In any view which can be taken of this case, it is clear the party has mistaken his remedy, and that the court properly instructed the jury to find for the garnishee, if he had received from the constable the proceeds of this sale, as set forth by the proof in the bill of exceptions, and was not otherwise indebted.

Whether, if the facts stated in the bill of exceptions be true, Cook has not his remedy against Walthall for the sur-

plus remaining after satisfying the two attachments first levied, we are not now called upon to decide. We are very sure these facts do not make Walthall Faulke's debtor, and consequently show no demand which can be reached by garnishment.

Let the judgement be affirmed.