22    469
95    63

## BROOKS vs. HILDRETH AND MOSLEY.

1. In a contest between plaintiff in attachment and a claimant of the fund attached in the hands of a garnishee, who is brought in by notice under the statute, after plaintiff has shown that the money once belonged to the defendant in attachment, it is competent and proper for the claimant to show that its ownership was changed before the service of the garnishment, and that he has become entitled to it; and any evidence which tends to establish this fact, is admissible for the claimant.

2. Any charge is erroneous which assumes a fact as proved, or which takes from the jury the right to determine the measure of credit to be allowed to testimony.

3. When the garnishee receives money from the defendant in attachment, to be handed over to the claimant, who had incurred a liability for defendant which would form a sufficient consideration for a promise on the part of the latter to indemnify him against it; and the claimant afterwards assents to the payment, and requests the garnishee to hold the money for him, which the latter promises to do, the claimant is entitled to recover the money in a contest with the plaintiff in attachment.

4. A liability for costs incurred by the claimant, in a trial of the right of property, forms a sufficient consideration to support a promise by the defendant in execution to indemnify him against it, when the claimant interposed the claim as trustee for the defendant's wife, at his request, and the suit was unsuccessful in consequence of some fraud in the deed under which he claimed, but to which he was not originally a party.

ERROR to the Circuit Court of Marengo.

Tried before the Hon. A. B. MOORE.

The plaintiff in error being a judgment creditor of one Robert B. Jones, caused a writ of garnishment to be served on Hildreth as the debtor of Jones. Hildreth answered, stating that he received, and yet held, the sum of $295, under the following circumstances: One Stannard, who was a judgment creditor of R. B. Jones, had caused an execution in his favor to be levied on certain slaves; after the levy, Edward B. Mosley, as trustee for the wife of said Jones, interposed a claim to said slaves and executed a claim bond, with Nathan Bryan and A. M. Lewis, as his sureties; that pending the trial of the right of property, said slaves remained in the possession of the sureties in said claim bond; that when said claim suit was terminated, Mosley, Jones and wife, and said sureties, not being able to agree among themselves, as to what sum the sureties should pay for the hire of said slaves pending the suit for the trial of the right of property, submitted this question to arbitration, when the arbitrators, of whom garnishee was one, awarded the sum of $295, to be paid by Bryan and Lewis to R. B. Jones. This sum, at the time of the award, was handed by Bryan and Lewis to the garnishee, who at first refused to receive it, "but Lewis and R. B. Jones informed him that it was for Mosley, and as he was then going to Mobile, he (garnishee) could hand it to him, and take his receipt for the same." He denied having

any money, goods or effects, belonging to R. B. Jones, the defendant in execution, in his hands.

On this answer, a notice was issued to Mosley, to come in and contest the right to the money in the hands of the garnishee. He appeared accordingly, and an issue being made up under the direction of the court, it was submitted to a jury, and a trial had. On this trial, as appears by the bill of exceptions, the plaintiff in execution showed his judgment for $1200, obtained in 1843, against Jones, and several executions, the last of which was issued in November, 1850, on which the sheriff had made the sum he was commanded to make, less about $100, by the sale of certain slaves, which he had levied on under this *fi. fa.*, and another in favor of one Stannard. He read also the answer of the garnishee; and then proved that the money which the garnishee received was hire for the slaves sold by the sheriff, accruing before such sale; that Bryan and Lewis, who paid the money, had hired the slaves from the defendant in execution, and that when it was handed to garnishee, Jones, the defendant in execution, instructed him to pay it to Mosley, to reimburse him for costs which he had incurred in a trial of the right of property in the slaves, which he had claimed as trustee for the wife of R. B. Jones, the defendant in execution. He proved further, that the sheriff had levied a *fi. fa.* issued on this judgment on said slaves, in 1843, and released the levy, because he required indemnity, and none was given. He here closed his proof.

Mosley proved, that as trustee for Mrs. Jones, the wife of defendant in execution, he had claimed the slaves, when levied on by the *fi. fa.* in favor of Stannard; that the issue was found against him, and he was condemned to pay a large amount of cost; that the deed under which he set up his claim was held to be fraudulent; that he was not a party to the deed, but had since been appointed trustee under it by the Chancery Court; that he had paid said costs, since the garnishment in this case had been served on Hildreth. He proved also, that before the service of the writ of garnishment, Hildreth told him that $295, the money now in dispute, had been left with him (Hildreth) for Mosley; that he did not then have it with him, but would pay it to him

(Mosley); to which Mosley assented, and requested Hildreth to hold it for him. This Hildreth consented and promised to do. To the introduction of this proof the plaintiff in execution objected; but his objection was overruled, and he excepted. This was all the proof in the case.

On this evidence, the plaintiff in execution asked the court to charge the jury, "that he was entitled to said money mentioned in garnishee's answer, and they must find the issue for him." But the court refused the charge, and charged the jury, that, unless they believed, from the evidence, that Mosley participated in the fraud with Jones, in the making of said deed, he was entitled to the money.

To the refusal to charge as asked, and to the charge given, the plaintiff in execution excepted.

The errors assigned are:

1. The admission of the evidence objected to.
2. The refusal to charge as asked.
3. The charge given.

WM. M. BYRD, for plaintiff in error.

WM. M. BROOKS, contra.

LIGON, J.—There was no error in allowing the claimant of the fund in controversy to show that the garnishee held it for him, and not for the defendant in execution. The ownership of the fund is the question at issue; and after the plaintiff in execution had shown that the money in the hands of the garnishee had once belonged to the defendant in execution, it was both competent and proper for the claimant to show, if he could, that the ownership had been changed, before the process of garnishment had been served, and that he had become entitled to it. The evidence objected to tended to establish this fact, and it was rightfully allowed to go to the jury.

The charge asked was properly refused. It is objectionable in form, and is incorrect as a conclusion of law deduced from the testimony in the case.

The jury are the exclusive judges of what has or has not been established by the evidence; it is for them, and for them alone, to determine the measure of credit to be allowed to

testimony, and in this they must act for themselves, untrammeled by the instructions of the court. Any charge, therefore, which takes this right from them, or which assumes a fact to be proved, is an invasion of this right, and should never be given. The charge asked by the plaintiff in execution in the court below, is obnoxious to this objection, and was properly refused. He asked the court to say to the jury, "that he was entitled to the money mentioned in the garnishee's answer, and they must find the issue for him." This takes every thing from the jury, and demands a verdict for the plaintiff in execution, whether they believe the evidence on which such demand was predicated or not.

The testimony shows, that the garnishee received the money, in the first instance, for the sole purpose of handing it over to the claimant. In this he was the agent of Jones, to whom the fund rightfully belonged, and a trust only in favor of Mosley was created. Baker v. Moody, 1 Ala. 315. But when he saw the latter, and informed him of what had taken place, and he assented to it, and requested the garnishee to hold the money for him, which he promised to do, Mosley's right to the fund in the hands of Hildreth became absolute, and Jones' right to and dominion over it ceased. All right to recover it from Hildreth was taken away from Jones; and when the debtor cannot recover against the garnishee, in an action of debt or *indebitatus assumpsit*, his creditor cannot charge the money with the payment of his demand by process of garnishment. Walke v. McGehee, 11 Ala. 273.

The fact that Mosley's demand against Jones arose out of costs incurred in litigation entered into by the former, at the instance of the latter, which resulted unsuccessfully in consequence of some fraud in the deed under which he claimed, but to which he was not a party originally, can have no effect upon his right to the indemnity promised by Jones. The liability of Mosley to pay the costs thus incurred, forms a sufficient consideration to support the promise of Jones to indemnify him against loss on this account; and the payment having been made to the garnishee with the consent of Mosley, the sum in the garnishee's hands must be regarded as the property of Mosley, and not the money of Jones. As between Jones and Mosley, this payment is good, and extin-

31

guishes the liability of the former to the latter, *pro tanto;* for a payment to a third person, if known to and sanctioned by the creditor, is good, and will avail the debtor in a suit by the creditor against him for the sum so paid.

The charge requested by the plaintiff in error, being repugnant to these views, was rightly refused; and the charge given being in strict conformity to them, it results that there is no error in the record, and the judgment must be affirmed.