PERRY & BARNARD v. HESTER M. THORNTON.

An installment of an annuity, not due, charged, in equity, upon the real estates and rents and profits thereof belonging to minor heirs, by way of special endowment of their mother out of the same, is not attachable by process of foreign attachment, in the hands of their guardian, for the debts of the annuitant.

THE writ, in this case, was served only by leaving a copy of the same with Simon E. Thornton, guardian of the persons and estates of Charles M. Thornton, Almira W. Thornton and George M. Thornton, infant children of Jesse S. Thornton, late of North Providence, deceased, for the purpose of attaching, in the hands of said guardian, money owing to the defendant from the real estate of the wards, on account of an annuity of seven hundred and fifty dollars charged thereon, by a decree of this court, in equity, for her dower.

It appeared from the answer of the garnishee, that, by a decree of this court, passed at the March term for the county of Providence, 1857, at the suit of the defendant, who was the widow of Jesse S. Thornton, she was specially endowed in the real estate of the minors, " out of the rents, issues, growth and profits thereof, in the sum of seven hundred and fifty dollars, in each and every year during her natural life, commencing on the first day of April, A. D. 1857, and payable in half-yearly sums of three hundred and seventy-five dollars each, the first half-yearly installment to become due and payable, and to be paid, on the first day of October, A. D. 1857 ;" that the decree then proceeded :—" And such sum, so assigned and set off as aforesaid, out of the rents, issues and profits of said estates, as the dower of the said Hester M. Thornton, shall be and continue, during her lifetime, a charge upon said estates and the rents, issues and profits thereof, with the exception of the estate on Church hill and the Arcade estate, so called, hereinbefore described; and in case any half-yearly installment of said dower shall not be paid on the day when it shall become due, the said Hester M. Thornton shall become entitled to the possession of said estates, and to hold possession of them until all the arrearages of her dower shall have been paid ;

and shall be entitled to an execution from this court to put her in possession of said estates, for such period and for such purpose, in case of the neglect or refusal of the persons in possession thereof, to pay her dower as the installments become due, or of their refusal to deliver to her the possession of the estates in case of such non-payment; and in case of her decease, a sum shall be paid out of said estates and the rents, issues and profits thereof, to her executor or administrator, computed at the rate aforesaid, from the day of the payment of the last half-yearly installment to the date of her decease."

The writ was served upon the garnishee on the 20th day of August, 1860; and it further appeared from his affidavit, that the installment of her annuity, due to the widow on the 1st day of April, 1860, was duly paid to her, and that, at the time of the service of the writ upon him, he had advanced, for the support and education of his wards, and for the payment of said installment of the widow's annuity, more than he had received or could collect from the rents of the estates.

*T. A. Jenckes*, who answered the case for the garnishee, now moved to dismiss the same for want of service.

*Ballou & Brownell*, for the plaintiff.

AMES, C. J. The garnishee is the guardian of the infant heirs of the late Jesse S. Thornton, out of the rents, profits and issues of whose real estates, the defendant, their mother, was decreed by this court, in equity, dower in a special and certain manner, by the creation in her favor of a charge thereon, as well as upon the real estates themselves, of the sum of seven hundred and fifty dollars, payable semi-annually, on the first days of April and October, in each and every year during her natural life. At the time of the service of the writ, nothing was in fact due to her or to them from the estate; but, on the contrary, the guardian, as appears by his affidavit, was largely in advance to his wards.

It is contended, however, that the annuity of the widow accruing from April to August, when the writ was served, though not payable until October, was owing to her, and might be attached in the hands of the guardian of her infant children, who received the rents out of which she was endowed, for her debts.

It is very plain that he was not her debtor for her annuity, nor,

in the sense of the statute, her trustee, of the rents and profits of the estates of his wards, from time to time received by him, and that he held to her no relation by virtue of which he could be personally pursued by her, at law, on account of either. In addition to her remedy, under the decree against the estates themselves for any arrearages of her annuity, a court of equity might, indeed, enforce her lien upon the rents and profits in the hands of any receiver of them to satisfy such arrearages, and, for the sake of the remedy, hold him to be her trustee for so much of the rents and profits received by him as would satisfy her charge; but this equity could not be enforced by her against him, at law, and, consequently, cannot be enforced against him by her creditor, through process of foreign attachment. *Hoyt* v. *Swift*, 13 Vt. 129; *Barker* v. *Esty*, 19 Ib. 131; *Harrell* v. *Whitman*, 19 Ala. 135; *Hugg* v. *Booth*, 2 Ired. 282; *May* v. *Baker*, 15 Ill. 89.

Besides, the garnishee received the rents and profits of the estates in question, solely, in his capacity of guardian of the heirs. As such guardian, he is an officer of the law, appointed by and responsible to the court of probate, whose minister he is; and under whose supervision he applies the property of his wards according to certain rules. He cannot be garnisheed in foreign attachment for the debts of his wards; *Gassett* v. *Grout*, 4 Metc. 486; *Colby* v. *Cotton and another and trustee*, 6 Cush. 559; and much less should he be embarrassed in performing the duties of his office by attachment for the debts of their mother, merely because she has an annuity, no installment of which is due, charged, in equity, upon the estates of his wards.

The action must be dismissed, with costs to the garnishee.