# McElderry *v.* Jones.

### Statutory Real Action.

1. *United States treasury notes legal tender.*—United States treasury notes are, equally with gold and silver, a legal tender at their nominal value for the payment of debts, whether such debts were contracted before, or after, the passage of the acts of Congress authorizing their issue, and declaring them a legal tender.

2 *Depreciated currency ; promise by debtor to make good, deficiency caused by payment of, valid.*—A promise by a debtor, who pays depreciated currency to his creditor, to make good the deficiency, is founded on a valuable consideration, and may be enforced, although the creditor may have surrendered the evidence of the debt.

3. *Debtor; promise to pay more than due to creditor, not to be enforced.*—But a promise by a debtor, who tenders money to his creditor, such as the latter is bound to receive, and which is the full measure of the debtor's liability, to pay more in another currency, of greater value in the transaction of business, is without consideration, and can not be enforced.

APPEAL from Talladega Circuit Court.
Tried before Hon. JOHN HENDERSON.

This was a statutory real action, brought on the 9th of February, 1872, by Thomas McElderry against McMin Jones. On the trial, the plaintiff read in evidence three promissory notes, for one thousand dollars each, made by the defendant on January 24, 1859, and payable to the plaintiff,. in one, two, and three years after date. The plaintiff also read in evidence, a mortgage on the lands sued for, which recites that it was executed to secure the payment of the notes. There were various credits on these notes, but none of them were controverted, except as follows : It appeared, from the evidence, that about June 12th, 1866, when United States treasury-notes were at a discount of from thirty-five to forty per cent, the defendant went to plaintiff's house, taking with him $2,000 in United States treasury-notes. He asked the plaintiff if he was willing to take these notes at par value, and plaintiff declined to do so. Defendant then handed the package of notes to plaintiff, who counted it over, found that it contained $2,000, and thereupon entered a credit of $500 on each of the three promissory notes. Defendant did not assent to this, nor did he object to it. If the treasury-notes

[McElderry v. Jones.]

or "legal tender notes" were taken at their face value, very little, if anything, was due on the mortgage debt. The court charged the jury, "that if they believed, from the evidence, that on the 12th day of June, 1866, the defendant paid the plaintiff $2,000 in legal tender notes, the defendant is in law entitled to a credit of $2,000 on the notes read in evidence, as of the date of such payment, and that a credit of $2,000 of that date should be allowed, in favor of the defendant, by the jury, in making up their verdict. The plaintiff excepted to this charge. The plaintiff then asked the court to give the following written charge : "If the jury believe, from the evidence, that on the 12th day of June, 1866, the defendant paid the plaintiff $2,000 in United States notes, commonly called "legal tender notes," and, at the time of such payment, said notes were at a discount of from thirty-five to forty per cent. as compared with gold or silver coin, and at the time of the payment there was an express, or implied, agreement between the parties, that such notes were paid and received at twenty per cent. discount, then the defendant is only entitled to a credit of $1,500 on account of such payment." This charge the court refused to give, and the plaintiff excepted. There was a verdict for the defendant. The errors assigned are the giving of the charge, and the refusal to charge as requested.

JOHN T. HEFLIN, for appellant.—The debt due to McElderry was payable only in coin, when it was created, and the parties may agree as to the rate at which treasury-notes shall be received and credited on it.—Bush v. Baldry, 11 Allen, 369 ; Sears v. Dewing, 14 Allen, 426 ; Starwood v. Flagg, 98 Mass. 125. The difference between the value of coin and legal tender notes is recognized in law.—Ezell v. Parker, 41 Miss. 528 ; Holt et al. v. Given, 43 Ala. 613. There was a moral obligation to pay the debt in coin, and, hence, after a voluntary payment by the debtor in depreciated currency, it can not be subsequently avoided.—Jones v. Thomas, 5 Cald. 645 ; 74 Pa. St. 371. The agreement of the parties to pay and receive legal tender notes at less than their nominal value is binding, and the change in the decisions of the Supreme Court of the United States can not affect such an agreement.—Harris v. Jex et al., 55 N. Y. 421 ; 1 Wall 175 ; Gilman v. Douglas, 7 Nev. 28.

TAUL BRADFORD, for appellee.—When Jones paid McElderry the $2,000 in United States treasury-notes they were legal tender for the payment of debts, their value was fixed, and was equal to the same amount of gold coin. This was

settled by the decision of the Supreme Court of the United States in the "Legal Tender Cases," (17 Wallace), and whatever may be our opinion as to the manner in which this decision was reached, we must regard it now as a correct exposition of the law. An agreement by Jones to pay more than the original indebtedness, under the facts in this case, would have been "*nudum pactum.*" The legal tender quality of the notes could not be changed by private agreement. But appellee insists that there was no evidence before the jury, showing, or tending to show, that Jones agreed that the $2,000 should be taken by McElderry at $1,500.

BRICKELL, C. J.—This was a statutory real action by a mortgagee to recover from the mortgagor possession of the mortgaged premises. The only defense insisted upon was the payment of the mortgage debt before the commencement of suit. Whether the defense was available, was not matter of controversy in the Circuit Court. The contention by the parties was limited to the fact of payment, and the instructions given and refused, all proceed upon the hypothesis, that if the fact of payment was proved, it was an available and complete defense. Whether the mortgagee can not recover in ejectment after payment of the mortgage debt, is a question which has not been heretofore decided, and which we now leave open, this cause, as it is presented, not involving it.—*Collins v. Robinson,* 33 Ala. 91.

United States treasury-notes are, equally with gold coin, a legal tender at their nominal value for the payment of debts, whether the debts were contracted prior or subsequent to the acts of Congress authorizing their issue and declaring them a legal tender.—Legal Tender Cases, 22 Wall. 459. Whoever may tender, or may receive the one or the other, tenders or receives all that can by law be demanded in payment—the one is the legal equivalent of the other. If the mortgagor had made a payment of two thousand dollars in United States treasury-notes, declared a legal tender by the acts of Congress, to that extent the mortgage debt was extinguished, the promise of the debtor was fulfilled, the obligation of his contract satisfied. This was the simple proposition embodied in the instruction given, to which an exception was reserved.

If a debtor makes a payment in depreciated currency, promising the creditor to make good the depreciation, the promise is founded on a valuable consideration, and will be enforced, though the creditor may have surrendered the evidence of debt.—*Mills v. Geron,* 22 Ala. 469. This is certainly true of bank notes, not a legal tender, not money in contemplation of law, but which by common consent, in the ordinary

[Bull v. M. & M. R. R. Co.]

course and transaction of business, are treated and esteemed as money. It is the consent of those who employ them that gives them currency and value as money, and the consent may be yielded, or refused, at the election of all to whom they are tendered. If it is yielded upon a promise that they shall be made the equivalent of *money*—of that which, by law, is made the currency, and which may be tendered and must be received in payment of debts, there is a consideration for the promise. But there can be no consideration for the promise of a debtor who tenders *money* to his creditor, which the creditor is bound to receive, and which is the full measure of the debtor's liability to pay more, because there is another kind of money, no more in legal contemplation than the equivalent of that which is tendered, having a greater value in the transaction of business. If there was an agreement by the appellee that the treasury-notes should be accepted at their value as compared with gold coin, instead of their nominal value, it was without consideration, and did not lessen his right to a credit on the mortgage debt, for their nominal value. There was no error in the refusal of the instruction requested, and the judgment of the Circuit Court is affirmed.