## ROBERTS v. BROWNRIGG.

1. An overseer, by his contract, impliedly stipulates that he is qualified to execute the trust imposed in him, and that he will diligently superintend the business of his employer, take care of the property confided to his care, and treat the slaves in his charge with humanity.

2. When an overseer enters upon the discharge of his duty, and continues until he is dismissed by his employer, in an action for his year's wages, he need not prove that he performed his services faithfully, as a presumption arises that such is the fact, from his being permitted to remain on the plantation, and it then devolves on the employer, to establish a sufficient cause for dismissing him.

3. When an act is done, or omitted, which would justify the employer in dismissing the overseer, he must act promptly, as he will not be justified in afterwards dismissing him for that cause.

Error to Sumter County Court.

ASSUMPSIT by plaintiff, against defendant in error, to recover a year's wages as overseer.

From a bill of exceptions, it appears that the plaintiff agreed, to serve the defendant as an overseer, at the price of three hundred dollars a year—that he commenced in January, and remained until the 1st June after, when he was dismissed by the plaintiff. A witness proved, that he was an attentive overseer—had seen him drunk once, on a Sunday, and had been requested by defendant to expostulate with him upon his conduct. Defendant told a witness that he had turned plaintiff off because he had mismanaged his business, and told another witness that he had turned plaintiff off, because he did not manage to suit him, and had mismanaged his business.

The court charged the jury, that before they could find for the plaintiff on the entire contract, they must inquire whether he performed his part of it. If he did not perform the entire contract, they must then inquire which party was in fault, and prevented the performance of the contract ; and among other things, charged the jury, that it was incumbent on the plaintiff to prove that he had performed his part of the contract *faithfully*, before he was entitled to recover on the entire contract. To which the plaintiff's counsel excepted, and moved the court to charge the jury, that the presumption of law was in favor of his having performed his duty as an overseer, faithfully, until the contrary was made to appear ; which charge the court refused to give, and the plaintiff, by his counsel excepted, and now assigns as error.

HAIR & HOIT, for plaintiff in error. The court erred in the stress which it laid upon the necessity of the overseer proving that he had *faithfully* performed his contract, By this, the jury were evidently misled, and the law improperly stated as applicable to this class of contracts. They cited Chitty on Con. 4 ed. 53, 572 ; 8 Porter, 253 ; 1 Stewart, 29; 3 Ala. Rep. 338, 245 ; 9 Mass. 78; 16 Id. 161; 1 Term, 638, note a; 8 East, 443; 1 Wilson, 115; 7 Ala. Rep. 954; 4 Pick. 114; 4 McCord, 246 ; 1 Johns. Cases, 116.

BLISS & BALDWIN, contra.

ORMOND, J.—The contract of the overseer was, to serve his employer for a year, for which he was to receive $300. The contract is entire, and to entitle him to recover, he must show either a performance, or that performance was prevented by the act of the defendant.

In our opinion, the overseer made out a *prima facie* case, when he proved that he served the defendant as overseer until the first of June, and was then dismissed by the defendant. It then devolved on the defendant to prove, that he was justified in so doing. This justification would be made out by proof, that the overseer had neglected to perform his duty as such, or had done some act inconsistent with the obligations imposed on him by his contract with the defendant.

By the contract, the overseer impliedly stipulates, that he is qualified to execute the trust confided to him—that he will diligently superintend the business of his employer— take care of the property confided to his charge, and treat the slaves placed under his control with humanity. If he is wanting in any essential particular, in any of these matters, the employer may terminate the contract, by dismissing the overseer from his employment.

In this case, it appears, that instead of requiring the defendant to establish the default of the overseer, as a justification for turning him off, the court required the overseer to prove that no cause existed for dismissing him. This is apparent, from the charge in which the court required him to prove, that he had *faithfully* performed his duty as overseer,

If the overseer had served the defendant the entire year, he could have recovered his wages by proving that fact, without showing the quality or value of his services. The fact that the employer suffered him to remain the entire year, and accepted his services, would be conclusive evidence, that the services were properly rendered. The same rule must apply, when the overseer serves a part of the time only, for which he was engaged, and is prevented by his employer from serving the residue. The fact that he was permitted to remain until June, is *prima facie* evidence, that up to that period he had performed his duty, and cast on the employer the necessity of proving his unfitness for the duties he had undertaken to perform.

Drunkenness would doubtless be a justification for dismissing an overseer, as a drunken man would be evidently unfit for such a responsible station. But if the intemperance was not habitual, we think a single offence of this kind, would be considered as overlooked and forgiven, if he was afterwards permitted to remain on the plantation. It could not be tolerated, that the employer should pass over such an offence, until such period as suited his convenience, and then give this as a reason for putting an end to the contract. The injustice of this will be apparent, when it is considered, that if the overseer is rightfully dismissed, he forfeits all right to the wages which have accrued at the time of his dismissal, when the contract, as in this case, is entire. The obligations of good faith require, that the employer should act promptly, when any just cause exists, for putting an end to the contract.

The doctrine of the entirety of the contract has been qualified in some peculiar cases. See Hunter v. Waldron, 7 Ala. Rep. 753, and Gillam v. Senter, at the present term.

Let the judgment be reversed, and the cause remanded.