## BUSH *v.* CHAPMAN.

Where suit is brought on a written or special contract, it must regulate plaintiff's right to recover as well as the amount recovered.

Where plaintiff sued for work done pursuant to a written contract, and filed no bill of particulars, it is error to admit evidence to show that he had sustained damages in consequence of delays occasioned by defendants failing to furnish the materials promptly.

By claiming the benefit of a special contract and making it the *gravamen* of his action, the plaintiff is precluded from recovering damages for delay, &c.

## *Error to Dubuque District Court.*

*Opinion by* WILLIAMS, C. J.   Assumpsit for $1000,00 damages in the district court of Dubuque county. The plaintiff filed his declaration setting forth as the gravamen of his action, a special contract made by himself and the defendant Bush, on the 24th day of July, 1849.   By which it was agreed, that "the said Chapman was to do the mill-wright work of a flouring mill for the said John D. Bush, in the stone building erected for this business in the city and county of Dubuque, state of Iowa.   Bush was to furnish all the materials for the same.   The mill was to consist of two pair of three and a half feet French burr mill stones now on the premises.   Chapman was to do all the work that was necessary, in a good and workmanlike manner, and to have the mill in order for grinding by the first of October next thereafter; then to have an extension of time to complete work that would not interfere with the grinding and making of flour.   In consideration of which, Bush was to pay Chapman nine hundred dollars, in the following manner, to-wit:   One half to be paid as the work progressed, and the other half when the work was complete.   The plaintiff avers, that he was ready and willing to keep and perform his part of the agreement, as made between him and the defendant; but that the defendant failed on his part, to furnish proper materials, so as to en-

able him to complete the millwright work at the time agreed upon; and that, nevertheless, he did finish and complete all of the work, so as to be ready for grinding on the first day of February, 1850. The declaration proceeds in the same count to specify, what materials necessary to the completion of the work in the time appointed by the agreement, the defendant Bush had failed to furnish, to enable the plaintiff to progress with the work; the manner of his failure and the injury sustained by the plaintiff in consequence of that failure; and claims damages therefor, one thousand dollars. The second count is for work and labor done, materials furnished at the instance and request of Bush, and for damages sustained by plaintiff by reason of a failure to furnish necessary materials, &c. Common counts for work and labor done and performed, and *quantum meruit*, are added with the averments of undertaking and promising to pay, &c. In the district court a verdict was rendered and judgment entered thereon, in favor of plaintiff, for the sum of two hundred and sixty dollars and seventy five cents and costs.

Several questions were presented on the trial, and decided by the court below. Exceptions were taken by the defendant's counsel. A motion to set aside the verdict and for a new trial was also made and overruled.

As the case is presented upon errors, we consider it necessary to notice but one. We will let the others stand, as they have been decided by the court below, deeming them legally adjusted.

The third point made by the counsel for the plaintiff in error is, that the court below erred, "in admitting evidence adduced by the plaintiff, to show that he had sustained damages in consequence of delays occasioned by the defendant's failing to promptly furnish the plaintiff with materials for the erection of said mill; when the plaintiff had declared on a written contract, and when he had filed no sufficient bill of particulars."

The bill of exceptions shows, that this evidence was ruled to be admissible and was suffered to go to the jury.

The price of the work fixed by the special and written contract, the admitted and proven credits of the defendant, and the verdict of the jury show, by proper computation had, that the jury must have taken this evidence into consideration, so as to give it effect to make it a part of the sum for which the verdict was rendered.

By his declaration, the plaintiff has made the written agreement as executed between him and the defendant, the gravamen of his action. He avers a complete performance of his part of it; and sues for the price of the work as therein stipulated. He seeks to enforce the payment of the price therein fixed on the ground that he had, by the first day of February 1850, (some three months after the time set by the written agreement) completed the work, notwithstanding the failure of Bush to furnish the proper materials at the stipulated time, so as to enable him to proceed with the work as required by the agreement. At the same time, he declares upon the common counts for work and labor done, &c., and thereby claims the benefit of an adjustment of his rights, independent of the written contract, so as to enable him to recover the value of his work upon evidence thereof; and also his damages for hindrance, outlay, loss of time, &c., occasioned by the default of the defendant in not fulfilling his undertaking. This cannot be allowed. If a plaintiff sue on a written or special contract, so as to make it the basis of his action, it must regulate his right to recover, as well as the amount recovered.

In this case it is clear that plaintiff did not consider the written contract, if violated by the defendant, at an end when the failure to perform on his part occurred. But that on the contrary, he treated it as subsisting, and in force. He proceeded on it, completed the work, and made it the ground of his action at law.

By asserting the binding effect of the special contract, claiming the benefit of it, and making it the gravamen of his action, he is precluded from the recovery of any damages for delay, &c. This doctrine is recognized and assert-

ed in Chitty on Contracts, 5 Am. Ed. 570, note 2; refer-
ence to *Shaw* v. *Lewistown Turnpike Road Co.* 3. Penn.,
445. In disposing of this case, chief justice Gibson says,
"then, if the company had put it in his power to dispense
with the contract by reason of delinquency in the advance-
ment of funds, it was his business, either to take advan-
tage of the omission by declaring the contract at an end,
or to waive the consequences of the default by treating it
as still subsisting. He chose to do the latter, and though
it appeared the work had languished for want of the re-
quisite advancements, he continued his services without
any intimation of their being rendered on new and impli-
ed terms. That he considered the original contract as a
subsisting one appears from his having counted on it. The
very work for which he demands compensation was done
on the faith of that contract. Would he have been permit-
ted to go on, had he informed the company that he was
working under no contract but what the law might imply?"
The principle of law here laid down, directly applies to
the case at bar, and its application is most forcible. In
the case referred to, the plaintiff sued in assumpsit, on a
*quantum meruit* count, and treated the special contract
as valid and subsisting, and sought to recover on that
ground. In the case at bar, the plaintiff not only treats
the written contract as subsisting and binding in all its
terms, but at the same time claims to recover damages for
delay, hindrance, and extra expense in completing the
work. By admitting the evidence of damages, thus sus-
tained by the plaintiff, by reason of the default of Bush,
the case became duplex in substance, as well as in form,
by the declaration, and a verdict is rendered by the jury
for the contract price, and damages for the violation of
the contract. The action being brought on the written
contract, the plaintiff cannot recover damages which are
not stipulated for in it. To this effect, *vide* 9 Ala. 106,
11 *idem* 377, 1 G. Greene 408, 14 Maine 364, 1 Shep. 60,
4 Pick. 114, 19 *idem* 349, Chitty on Contracts 5 Am. Ed.
741, 742. See also *Rev. Stat.*, 469, § 6, in relation to filing

the plaintiff's declaration and the copy of the instrument of writing or account, on which the action is brought.

The judgment of the court below is in this erroneous.

Judgment reversed.

*B. M. Samuels,* for plaintiff in error.

*Hempstead & Burt,* for defendant.