DEITRICK v. CASHIE AND CHOWAN RAILROAD AND LUMBER COMPANY.

(October 9, 1900.)

*Master and Servant—Burden of Proof—Discharge.*

> The burden of showing cause for discharge of servant by master is on the latter.

CIVIL ACTION by Julian A. Deitrick against the Cashie and Chowan Railroad and Lumber Company, heard by Judge *O. H. Allen,* at November Term, 1899, BERTIE Superior Court. From judgment for defendant, plaintiff appealed.

*R. B. Peebles,* for plaintiff.
*Francis D. Winston,* for defendant.

FAIRCLOTH, C. J.    The plaintiff alleges that in February, 1898, he contracted with the defendant to work for 12 months at a fixed price, and that the defendant paid him for his work until September 1, 1898, and on or about that day discharged him without legal cause. The action is for the contract price for the balance of the 12 months, less the amount received from other work. The defendant denied that the employ-

ment was for a year, and averred that it was by the day, and that the plaintiff was subject to be discharged at any time. This issue was submitted: "Is the defendant indebted to the plaintiff?" Each party introduced evidence, and the jury answered, "No." The only exception is to this part of the charge to the jury: "They must be satisfied by the greater weight of the evidence that the employment was for a year, and that the company wrongfully discharged the plaintiff." The plaintiff excepted. The contention is that the Court should have told the jury that the burden of showing that the discharge was for legal cause was upon the defendant, and that it was not incumbent on the plaintff to show that he was discharged without cause. From such authority as we have, and upon common reasoning, we are of opinion that the burden of showing cause for the discharge was upon the defendant. If the plaintiff was able to show his alleged contract, and that he was discharged during the term, he showed *prima facie* a breach of the contract, and was entitled to damages unless the defendant could justify the breach by showing legal cause for the discharge. "Where he (the servant) was discharged while engaged in the performance of the contract, and before his term of service had expired, the burden is cast upon the employer of alleging and proving facts in justification of the dismissal." Abb. Tr. Ev. (2d Ed.), 473. "And in order to avoid liability the employer must show some act actually done by the servant, after the contract of hiring was entered into, that operates as a valid legal excuse for his refusal to receive him." Wood, Mast. & S., 267. "All that is required on the part of the servant is to establish a valid contract, and a *bona fide* purpose on his part to perform it, and a refusal on the part of the employer to accept his services; and, in the absence of proof by the employer of facts and circumstances that operate as a legal excuse for such refusal, he

is liable for all the damages, not exceeding the contract price, sustained by the servant." Id., 268. This principle is held in Texas, Massachusetts, and Virginia. See note on page 268, above. The authorities cited by the defendant are applicable to cases and questions as to when the burden of proof shifts between the parties. In the case at bar the burden of showing cause originates and remains with the defendant upon this state of facts.