## McKEITHAN v. TELEGRAPH CO.

(Filed October 18, 1904).

1. CONTRACTS—*Evidence—Master and Servant.*

The evidence in this case shows a special contract between the employer and employee, whereby the former agreed to employ the latter for four months.

2. CONTRACTS—*Burden of Proof—Master and Servant.*

An employer relying on an employee's incompetency as a justification for his discharge has the burden of proving the incompetency.

3. CONTRACTS—*Master and Servant.*

In an action for wages by a discharged employee for breach of the contract of employment, the employee being shown to be incompetent, it is immaterial whether this was the reason for his discharge.

ACTION by A. A. McKeithan against the American Telephone and Telegraph Company, heard by *Judge R. B. Peebles* and a jury, at February Term, 1904, of the Superior Court of CUMBERLAND County. From a judgment for the plaintiff the defendant appealed.

*I. A. Murchison* and *Robinson & Shaw*, for the plaintiff.
*N. A. Sinclair* and *R. H. Dye*, for the defendant.

MONTGOMERY, J.   The plaintiff brought this action to recover of the defendant corporation $195, which he claimed was due to him for a breach of contract of employment.   The plaintiff alleged that his employment was for five months at $50 per month and his board, and that at the end of two months he was discharged without cause.   The defendant denied the material allegations of the complaint.   The only issue submitted to the jury was, "Is the defendant indebted to the plaintiff, and if so, in what sum?"   The defendant excepted to one of the instructions of his Honor, which was in these words: "If you believe the evidence of either plaintiff or defendant, you will find a special contract between the parties; that contract was to last five months and plaintiff was to be paid $50 per month and traveling expenses according to both parties."   We think the instruction was a proper one.

The plaintiff testified as follows: "I was to commence work for defendant company as soon as called for after January 1, 1902, and I was to continue for five or six months at least, and was to receive $50 per month and all expenses, including board and traveling expenses."

T. E. Grafton, a witness for the defendant, who was the building inspector for the company and authorized to employ labor, upon the matter of the contract said: "I told plaintiff I did not care anything about testimonial; that if he would do my work it was all right; that it would not take me long to find out whether he could hold the job; that if he proved satisfactory we would need him until the line of that division was completed, which would take at least five months, but that if he could not do the work to my satisfaction then he would have to go, and that was all there was to it.   He was to get $50 per month and all expenses, of which he had to keep an account."   In that connection his Honor gave such an instruction to the jury as enabled them to fully understand the reservation on the part of the defendant to discharge the

plaintiff, should he turn out to be incompetent for his work. Not that it was necessary for the defendant to have explicitly reserved that right when he made the contract, for the law did that for him, but that the jury might understand the right of the defendant.

His Honor said: "Another feature about this contract about which there is a dispute is: 'Grafton said he was to have the privilege of discharging McKeithan if he did not suit him. If you are satisfied by the greater weight of the evidence that was the bargain, then he had a right to discharge him whenever his services displeased him.'" The defendant made exception to that instruction, but why is not clear to us, because it presented that aspect of the case in the very strongest light for the defendant, that is, in view of the contract as found by the jury under the instructions of the Court.

There is an error, however, in one of the instructions of his Honor which necessitates a new trial in this case. The defendant requested the Court to instruct the jury "that an employee hired to do certain work for a specified time upon condition that he is competent and fit for the work, if upon trial he proves incompetent and careless and unfit for the duties of the position, the master can discharge him before the expiration of the time of hiring, and no legal obligation rests on the employer to pay for the unexpired time of hiring." His Honor gave the instruction, but modified it by adding "that the burden of showing what the employment was rests upon the party that employs him, that is, upon the defendant in this case, and unless he satisfies you by the greater weight of evidence that McKeithan was incompetent, and further that that is why he discharged him; for if you find that the plaintiff was incompetent for this work by preponderance of evidence, and that the plaintiff was discharged on this account, the plaintiff is not entitled to recover." His

Honor was right so far as he instructed the jury that the burden of showing incompetency of the plaintiff rested on the defendant. The language of his Honor was explicit in that matter, and that is what he clearly meant when he said "the burden of showing what the employment was rests upon the party who employs him."

In *Deitrick v. Railroad,* 127 N. C., 25, this Court said: "From such authority as we have, and upon common reasoning, we are of opinion that the burden of showing cause for the discharge was upon the defendant. If the plaintiff was able to show his alleged contract and that he was discharged during the term, he showed *prima facie* a breach of the contract and was entitled to damages unless the defendant could justify the breach by showing legal cause for the discharge." But the latter part of the instruction, that is, that the defendant had to show that the plaintiff's incompetency was the cause or reason for the plaintiff's discharge, was erroneous. In a case like this one, the motive which prompted the defendant to discharge the plaintiff is wholly immaterial. The only question about it is whether there was a sufficient ground for the discharge. 20 Am. & Eng. Ency., 32; *Spotswood v. Barrow,* 5 Exch., 110; *Kane v. Moore,* 167 Pa., 275; *Horse Shoe Co. v. Eynon,* 95 Va., 151. In the same volume of the Encyclopedia, and at the same page, the author writes: "It it not necessary that the reasons for discharging the servant be stated at the time of the discharge; any adequate cause for dismissal, existing and known to the employer at the time, excuses and justifies the discharge, whether assigned or not, and although a different cause was assigned. It is also equally well settled at the present time that if a good cause of dismissal really existed, it is immaterial that at the time of the dismissal the master did not know of its existence, and acted upon some other causes which may have been insuffi-

cient." And numerous authorities are there cited in support of each proposition.

The defendant was entitled to the instruction without modification. For that error there must be a

New Trial.