EUBANKS v. ALSPAUGH.

(Filed November 15, 1905).

*Action for Breach of Contract of Employment—Burden of Proof—Justification—Harmless Error.*

1. In an action for damages for a wrongful discharge, the burden is upon the plaintiff to prove the contract of employment, the discharge by the defendant and the existence and amount of substantial damages.

2. The contract of employment and the discharge by the defendant being established, the burden of proving justification is upon the defendant.

3. Where a mistake of the court is not on any essential or controlling feature of the case, it does not constitute reversible error.

ACTION by S. D. Eubanks against U. L. Alspaugh and another, heard before *Judge Henry R. Bryan* and a jury, at the May Term, 1905, of the Superior Court of IREDELL County.

The plaintiff alleged that the defendants, having employed him as superintendent of their mill for a term of six months, wrongfully discharged the plaintiff to his damage, etc. The defendants denied that plaintiff was wrongfully discharged, and alleged, by way of further defense, that the plaintiff was entirely incompetent to perform the duties he had undertaken, and claimed the right to discharge him on that account; and they further set up this breach of contract on the part of the plaintiff as a counterclaim to his demand. Issues were submitted responsive to the pleadings. Verdict and judgment in favor of plaintiff. Defendants excepted and appealed.

*Furches, Coble & Nicholson* and *Zeb V. Long* for the plaintiff.

*Armfield & Turner* and *R. Z. Linney* for the defendants.

*Per Curiam:* The judge below charged the jury very fully on the issues and properly put on the plaintiff the burden of proving the contract of employment, the discharge by the defendants, and the existence and amount of substantial damage.

The only exception made by the defendants, or urged upon our attention, was in giving the prayer for instructions by the plaintiff, No. 7, which is as follows: "The burden is upon the defendants to show that the plaintiff was not capable and efficient in the performance of his duties under the contract, and if the jury should find by a greater weight of the evidence that the plaintiff was not an expert in the departments of carding and spinning, yet if the jury further find by a greater weight of the evidence that the defendants had notice of this fact, at or before the time they employed the plaintiff, that the plaintiff was not an expert carder and spinner, if such was the fact, would not excuse the defendants for discharging the plaintiff, and if the jury find that the plaintiff

was discharged and for this cause, this would be a breach of the contract on the part of the defendants, and you will answer the third issue, 'yes.' " This was given.

The defendants excepted to the above instruction: First, because the burden was wrongfully put on the defendants. Second, because there was no evidence that the defendants knew of the plaintiff's incompetency before the contract of employment.

There is no merit in the first exception. The contract of employment and the discharge by the defendants being established, the law places the burden of justification on the defendants, and the charge of the court on this point is correct. *Deitrick v. Railroad,* 127 N. C., 25; *McKeithan v. Tel. Co.,* 136 N. C., 213.

While the second exception is not entirely responsive to the language of the charge, it sufficiently appears that the defendants intended to address the same to that part of prayer No. 7 on the question whether the defendants knew the plaintiff was not an expert carder and spinner before the contract of employment. The court here told the jury that even if the plaintiff was not an expert carder and spinner, yet if the jury further found that the defendants had notice of this before employing the plaintiff, such fact would not justify his discharge.

The defendants contend that there is no evidence that they had any notice in the matter, and there is none set out in the record, as far as the court can discover. There is testimony to the effect that the defendants only inquired of the plaintiff's capacity as a weaver, but no evidence of any notice as to his qualifications as a carder and spinner. We are of opinion, however, that this does not constitute reversible error for the reason that the mistake is not on any essential or controlling feature of the defense. There was no contract that the plaintiff should be an expert in carding and spinning, and there was no allegation or evidence of such requirement.

There were allegation and evidence that the plaintiff was employed by the defendants to superintend this and the other departments of the mill. There was also evidence of the plaintiff to the effect that it was not necessary that a superintendent should be an expert in all departments of a mill, and a witness for the defense testified that while it was better for a superintendent to be an expert in all the departments, there were many mills run successfully where the superintendent was not such.

The mistake of the court therefore to which the exception was addressed is not on an essential or material matter, and does not, we think, justify or call for a new trial.

Speaking directly to this question in another part of the charge, in response to a prayer for instruction by defendant, the court told the jury: "If the jury shall find from the greater weight of the evidence that it was necessary for a superintendent of the defendant's mill, to successfully operate the same, to understand carding, spinning and weaving in order to intelligently direct those under him in those departments, and should further find from the evidence that the plaintiff did not sufficiently understand carding and spinning to enable him to direct those in charge of those departments, and that he did not intelligently direct and instruct those placed in charge of the carding and spinning on account of a lack of skill and knowledge on his part, then I charge you that this was a violation of the contract on the part of the plaintiff and the defendants had the right to discharge him from their employment, and the plaintiff is entitled to recover nothing in this action." This, we think, gave the defendants the full benefit of this feature of the defense, and, taking the charge as a whole, we are of opinion that the cause has been fairly and correctly submitted to the jury.

Judgment Affirmed.