Boynton Cab Company, Appellant, vs. Giese and Industrial Commission, Respondents.

*February 4—March 11, 1941.*

For the appellant there was a brief by *Dougherty, Arnold & Kivett,* attorneys, and *Suel O. Arnold* and *Michael H. Keelan* of counsel, all of Milwaukee, and oral argument by *Mr. Keelan* and *Mr. Arnold.*

*Stanley Rector* and *Arthur Barber,* both of Madison, for the respondent Industrial Commission.

Briefs *amici curiæ* were filed by *E. L. Wingert* of Madison, on behalf of the State Advisory Committee on Unemployment Compensation; by *Padway, Goldberg & Tarrell* of Milwaukee, on behalf of the Wisconsin Federation of Labor; and by *R. M. Stroud* of Madison, on behalf of the Wisconsin Manufacturers Association.

FRITZ, J.  The defendant, Henry Giese, was employed for about four years (except for a brief interval in February, 1938) as a taxicab driver by the appellant, Boynton Cab Company, until it discharged him on November 18, 1938. Upon his filing a claim for unemployment benefits under ch. 108, Stats., the commission gave due notice thereof to appellant in compliance with sec. 108.09 (1), Stats., and under the procedure authorized by that subsection appellant filed with the commission a written rejection of the claim on the ground that "Giese was discharged . . . *because of dishonesty.*"  A deputy designated by the commission made an *ex parte* investigation and an "initial determination" that the

discharge was not for such misconduct as to render Giese ineligible under sec. 108.04 (4) (a), Stats., for unemployment benefits. Thereupon appellant requested a hearing and the commission designated an appeal tribunal to hear and decide the disputed claim. The tribunal held a hearing, as a trial *de novo,* at which it received sworn testimony which was taken down by an official stenographic reporter, together with all other proceedings at the hearing, and his transcript thereof constitutes the record upon which the tribunal made findings of fact and a decision which sustained the initial determination and allowed benefits accordingly. Upon appellant's petition for a review of this decision, the commission reviewed the record of the hearing before the tribunal, and then adopted and affirmed the latter's decision. Appellant brought this action for a judicial review of the commission's decision, including the allowance of unemployment benefits to Giese, and upon the entry of judgment affirming that decision appellant appealed.

Appellant's principal contentions are (1) that the commission acted without and in excess of its powers in allowing the unemployment benefits to Giese and in forcing appellant to assume the burden of proof on the hearing before the tribunal; and (2) that the "initial determination" by the deputy and the affirming of his decision by the tribunal and the commission is a denial of due process contrary to art. XIV, U. S. Const. This latter contention is based upon appellant's claims that the evidence, upon which the deputy made the "initial determination," was not known to appellant, nor was such evidence required to be produced and appellant given an opportunity to rebut it. Whatever may have been the nature of the evidence upon which the deputy acted, it does not appear that appellant was aggrieved by his mere "initial determination" upon but an administrative investigation, which was not binding upon appellant inasmuch as it was entitled to and duly granted, upon its request, a hearing with

a trial *de novo* before the tribunal under subs. (2) to (5) of sec. 108.09, Stats. These provisions required the tribunal to keep a full and complete record of all of its proceedings in relation to the claim and have all testimony which it received on the hearing taken down by a stenographer who was to make a transcript thereof upon the request of either party. There was apparently due compliance in these respects and there is nothing in the record on the hearing before the tribunal to show upon what evidence the deputy made his initial determination, or that the tribunal was informed as to such evidence, or that its decision was influenced thereby. In view of (1) the absence of any showing to that effect in the record, and (2) the evident intention under sec. 108.09 (2) to (5), Stats., that the deputy's investigation and initial determination shall be superseded in the event of a request by appellant for a hearing by an appeal tribunal, and (3) the fact that appellant was duly granted such a hearing upon notice, with a trial *de novo* before the tribunal, which made a decision based upon but the evidence taken on such a trial, appellant cannot be deemed to have been aggrieved or denied due process of law in the respect contended. It is not necessary, in order to meet the essentials of due process, to have a formal hearing with notice to all parties at but an initial or preliminary stage of a mere administrative proceeding as to the result of which they are afforded, after having received due notice, an opportunity to be heard in respect to such evidence as is to be taken or used as basis for the determination which is to be binding upon them. As the court said, in relation to proceedings under the Fair Labor Standards Act,—

"The demands of due process do not require a hearing, at the initial stage or at any particular point or at more than one point in an administrative proceeding so long as the requisite hearing is held before the final order becomes effective. The proceedings before the administrator as provided

by sec. 8 (b) satisfy the requirements of due process without further requirement, which the statute omits, of a hearing on notice before the committee." *Opp Cotton Mills, Inc., v. Administrator,* 312 U. S. 126, 152, 61 Sup. Ct. 524, 85 L. Ed. —.

In passing upon the contentions that it was not "due process of law" to allow testimony to be taken without notice to either party, and notice of an applicant's claim for compensation to be given by mail, as provided in sec. 2394—16, Stats. (Workmen's Compensation Act), this court said in *Borgnis v. Falk Co.* 147 Wis. 327, 363, 133 N. W. 209,—

"Were the commission a court these objections would probably deserve serious consideration, especially the latter one. But, as we have seen, the commission is an administrative board merely. It is common knowledge that such boards are frequently given power to investigate and determine facts without notice to the parties of each successive step in the proceedings. The proceedings before such boards are not expected to be as formal and cumbrous as the proceedings of courts; indeed, the greater flexibility which such bodies must possess if they are to discharge their duties seems to demand greater freedom of action. If notice, either actual or constructive, of the commencement of the proceedings before such a body be required to be given to the parties interested and they be given full and free opportunity to be heard and present evidence, it is generally held sufficient, even though notice of intermediate steps in the proceeding be not required or given."

To the same effect see *Milwaukee County v. Dorsen,* 208 Wis. 637, 641 *et seq.;* 242 N. W. 515; *Burjois v. Chapman,* 301 U. S. 183, 57 Sup. Ct. 691, 81 L. Ed. 1027; *United States v. Illinois Cent. R. Co.* 291 U. S. 457, 463, 54 Sup. Ct. 471, 78 L. Ed. 909; *McGregor v. Hogan,* 263 U. S. 234, 237, 44 Sup. Ct. 50, 68 L. Ed. 282; Mott, Due Process of Law, § 89; 12 Am. Jur. p. 307, § 612.

The contention by appellant that the commission erred in requiring appellant to assume the burden of proof is made in relation to the commission's implied approval of a ruling made

by the tribunal, upon appellant's counsel inquiring whether it was to put in its evidence first, and stating that he assumed that the record ought to contain some evidence upon which there was based the initial finding that this was a case for payment of compensation. The chairman of the tribunal ruled, "This, in effect, is a trial *de novo*. The decision in this case will be based upon the testimony presented at the hearing. The burden of proof is upon the employer, who is attempting to protect his reserve fund." This ruling, which is questioned by appellant, was proper in view of the following matters: (1) The stipulation at the commencement of the hearing that the only question involved was whether Giese was discharged for dishonesty; (2) the provision in sec. 108.02 (18), Stats. 1937, that, "An employee shall be deemed 'eligible' for benefits for any given week of his partial or total unemployment only when he is not disqualified by any provision of this chapter from receiving benefits for such week of unemployment;" and (3) the provision in sec. 108.09 (1), Stats., requiring a written statement from the employer setting out the reasons for the rejection of the claim in the event that he seeks to have an employee held disqualified from receiving the benefits. Under these provisions, it was evidently intended that an unemployed worker, who is otherwise eligible for benefits shall be deemed eligible unless the employer in rejecting his claim asserts some valid reason because of which the employee must be considered disqualified. Inasmuch as the employee is otherwise to be deemed eligible, and by the stipulation that the only issue involved on the hearing was whether Giese was discharged for dishonesty it was recognized that there existed a *prima facie* case, which entitled him to prevail in the absence of evidence introduced to establish the employer's assertion that Giese was dishonest in the particular respect asserted by appellant as the ground for the discharge, it follows that the burden of proof was upon appellant on the hearing before the tribunal to establish the matters so asserted in its rejection of the claim. Analogous

in this respect is the situation and the rule applicable in cases under the Workmen's Compensation Act where an applicant, injured while performing services for an alleged employer, claims that his injury grew out of his employment by such employer; and the latter seeks to defeat the claim on the ground that the applicant was an independent contractor. Under such circumstances the established rule is that "where the facts disclosed show that one is injured while in the service of another, for the purposes of the compensation act it will be presumed that the person injured was an employee, and that the burden of proving otherwise rests upon the one seeking to defeat compensation." *Habrich v. Industrial Comm.* 200 Wis. 248, 254, 227 N. W. 877. The following reasons, stated in that connection, are likewise applicable, by analogy, to cases under the Unemployment Compensation Act, to wit:

"The workmen's compensation act is a beneficent law enacted for a beneficent purpose. The accomplishment of that purpose is not promoted by imposing upon the dependents of one who has come to his death in the service of his employer the burden of proving the exact terms of the contract under which the services were performed. In cases such as this, the favorite of the law might well become the victim of a rule of evidence. Such a result would illy comport with the purposes of the Workmen's Compensation Act. The law should be consistent. It should not offer compensation with one hand and withdraw it with the other."

Likewise similar, in so far as the question of burden of proof is concerned, is the situation when in an action by an employee to recover damages from his employer for the latter's breach of the contract of employment, he seeks to defeat the recovery on the ground that the employee was guilty of such misconduct as warranted the discharge. There is then applicable the rule that—

"The master has the burden of showing a sufficient cause for discharging the servant, the latter being under no obliga-

tion to show that he was without fault." 39 C. J. p. 101, § 120. *Roberts v. Brownrigg,* 9 Ala. 106; *Deitrick v. Cashie & Chowan R. & L. Co.* 127 N. C. 25, 37 S. E. 64; *Milligan v. Sligh Furniture Co.* 111 Mich. 629, 70 N. W. 133; *Vernon v. Rife* (Mo. App.), 294 S. W. 747; *Lambert v. Laing & Thompson Iron Works,* 124 Or. 197, 264 Pac. 362.

Appellant's contention that the commission acted without and in excess of its powers in allowing the unemployment compensation is based upon appellant's claim that the evidence does not sustain the tribunal's findings and decision and the adoption and affirmance thereof by the commission. Under the provisions in sec. 108.09 (7), Stats., that "Any judicial review hereunder shall be confined to questions of law, and the other provisions of chapter 102 with respect to judicial review of orders and awards shall likewise apply to any decision of the commission reviewed under this section," the findings of fact must be considered conclusive if there is any credible evidence to support them. *Spielmann v. Industrial Comm.* 236 Wis. 240, 295 N. W. 1. The only ground which appellant stated in its written rejection addressed to the commission is that Giese's discharge on November 18, 1938, was "because of dishonesty." Neither the time nor the transaction constituting the dishonest conduct was specified. However, it appears from the testimony of appellant's superintendent, who discharged Giese, that the charge of dishonesty was based on the superintendent's belief that Giese withheld $7 out of $17 which the superintendent believed Giese had collected from a customer on the night of November 17th. There was considerable conflict in the testimony regarding the acts and transactions of Giese and the customer, which gave rise to the question whether the amount which the customer paid to Giese was, as he claimed, $4 as a personal tip to him, and but $10 for all cab services and the time Giese was serving the customer without the use of the cab. Appellant claimed that for such cab services and time it was entitled to be paid in excess of $17 under its scheduled rates applicable

to such services and time; and that Giese had collected that amount. There were also conflicts in the testimony as to whether certain rules and rates of appellant were applicable to the rather unusual transactions in question, and to Giese's duties in respect to parking of the cab while not in use, and reporting such matters promptly to appellant. It introduced testimony to show that he had violated its rules by driving the customer's car at a time when he was on duty for appellant; by failing to telephone to appellant that he was to drive that car, and failing to bring the cab to appellant's garage so that it could inform the customer that he was hiring the driver; and by failing also to telephone to appellant when he received an hourly load or a flat load out of the city and when he finished, so that its operator could inform Giese when he started and when he finished those loads so he could be stamped off and given the time and the amount to be charged. There was also testimony that in February, 1938, Giese took some floor matting from appellant's stock room and claimed it was sold him by the night mechanic; and that for this both were discharged, but Giese was reinstated after a month.

The tribunal found that on the night in question Giese spent seven hours all told in driving the customer in his own car and also in appellant's cab; that while using the car Giese parked the cab in a parking station because the customer would not allow him time to return it to the appellant's garage; that for all of the services and time spent the customer paid Giese $10 and, in addition, gave him a personal tip amounting to $4, and that Giese turned in the $10 to appellant as part of his daily receipts; that appellant's night supervisor saw the parked cab and reported to appellant's superintendent that it was at the parking station for about seven hours, and that Giese did not turn in the entire fare which he had collected; that the next day Giese was instructed to see the super-

intendent; that the latter had heard rumors before Giese appeared that he collected $17 from the passenger, and questioned him as to the amount he had received, and that he denied that he had received more than $10 as fare, and the superintendent then told him that he was discharged because he was dishonest; and, in this connection, the tribunal found that the superintendent's mistaken belief that Giese had been dishonest was the "motivating reason for the discharge." The tribunal also stated in its findings that "The employer, in addition to contending that" the employee "was dishonest, alleged that" the employee "violated certain company rules on the last night of his employment and also that during the period of his employment his conduct was unsatisfactory. In view of the above findings it is unnecessary to consider these allegations. The appeal tribunal therefore finds that the employee was not discharged for misconduct connected with his employment, within the meaning of sec. 108.04 (4) (a), Stats."

The tribunal's finding that the "superintendent's mistaken belief that the employee had been dishonest was the motivating reason for the discharge" was warranted in view of the facts (1) that appellant's superintendent testified, "I told Mr. Giese that I understood he had collected $17 for the trip and had only turned in $10; that the whole thing hurt me because Giese had been given chances before, and when he turned around and pulled a dishonest charge on me I fired him;" (2) that the only ground stated in appellant's written rejection was that "Giese was discharged on November 18, 1938, . . . because of dishonesty;" and (3) the agreement that the only question then involved on the hearing before the tribunal was whether or not Giese was discharged for dishonesty. Likewise, as there was testimony which admitted of the tribunal's finding that the sum of $10 which Giese turned in to the appellant was the amount the customer paid for the cab services and time

spent, and that the $4 were paid to Giese as personal tips, the tribunal was warranted in finding that the superintendent was mistaken in believing that Giese had been dishonest in that respect. And this finding, together with the finding that the motivating reason for the discharge was that mistaken belief, warranted the tribunal's conclusion that it was unnecessary to consider appellant's contentions that its rules had been violated by Giese on the night in question and that his conduct was unsatisfactory during his employment.

Inasmuch as the tribunal found, in effect, that Giese was not dishonest in turning in but $10 as the entire amount paid to him for the services and time for which appellant was to be compensated, and as in the absence of dishonesty in this respect, there was no misconduct on Giese's part to constitute the basis for his discharge on the ground of dishonesty, there is not involved on this appeal any question as to whether a discharge on the ground of such dishonesty, if it had been established on the hearing, would have constituted such misconduct as to render an employee ineligible under sec. 108.04 (4) (a), Stats., to unemployment benefits.

Appellant also contends that under the provision in sec. 108.09 (7), Stats., that "Any judicial review hereunder shall be confined to questions of law," there is an unconstitutional delegation of judicial power by the legislature. Appellant claims this provision unduly limits the power of the court to such a judicial review in relation to findings of fact as is preserved under sec. 102.23 (1), Stats., of the Workmen's Compensation Act, which provides that findings of fact made by the Industrial Commission, when acting within its powers, shall, in the absence of fraud, be conclusive. The contention cannot be sustained. The above-quoted provision is but the first clause of the sentence, "Any judicial review hereunder shall be confined to questions of law, and the other provisions of chapter 102 with respect to judicial review of

orders and awards shall likewise apply to any decision of the commission reviewed under this section," which is in sec. 108.09 (7), Stats. When this sentence is considered in its entirety and with due regard for the context of all parts thereof, it is manifest that the nature and scope of the judicial review thereunder is intended to be substantially the same as under sec. 102.23, Stats., as construed and applied in *Northwestern Iron Co. v. Industrial Comm.* 154 Wis. 97, 142 N. W. 271; *International H. Co. v. Industrial Comm.* 157 Wis. 167, 175, 147 N. W. 53; *Indrebo v. Industrial Comm.* 209 Wis. 272, 274, 243 N. W. 464; *General A. F. & L. Assur. Corp. v. Industrial Comm.* 223 Wis. 635, 271 N. W. 385. See also *Wisconsin Labor R. Board v. Fred Rueping L. Co.* 228 Wis. 473, 492, 279 N. W. 673.

*By the Court.*—Judgment affirmed.